Eugene WASHINGTON, Jr.,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 80–1023.

United States Court of Appeals,
Fifth Circuit.
Unit A

June 16, 1981.

Annie Garcy, court-appointed, Houston, Tex., for petitioner-appellant.

Anita Ashton, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, GEWIN * and POLITZ, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Appellant Washington appeals the denial of his 28 U.S.C.A. § 2254 petition for habeas relief. Washington and an accomplice were found guilty of robbing the Credit Auto Sales in Dallas, Texas and absconding with approximately $500 in cash and a wristwatch belonging to one of the partners—James R. Laney. Washington, who was apprehended shortly after the robbery, made an oral confession admitting the crime and the location of a pawn ticket which was ultimately redeemed for the stolen watch. Five days after Washington's arrest, Laney identified him in a pre-trial lineup.

At trial, Laney made a positive in-court identification of both Washington and the stolen wristwatch. The State introduced the pawn ticket into evidence. Based on this uncontroverted evidence, the jury found Washington guilty and sentenced him to ninety-nine years.

Washington's conviction was affirmed by the Court of Criminal Appeals in an unpublished opinion on October 10, 1973. Following an exhaustion of State remedies, which wielded no relief, Washington sought federal habeas, 28 U.S.C.A. § 2254, in the Southern District of Texas. His cause was transferred and referred to a federal magistrate in the Northern District in June 1978 who likewise denied relief. In October 1979, the District Court conducted a *de novo* review of the objected to portions of the Magistrate's file and, finding no error, entered an order adopting the Magistrate's findings, conclusions, and recommendations. Timely notice of this appeal followed.

### Appealing Challenges?

Washington alleges numerous errors. He complains that the Federal Magistrates violated their scope and authority under the Federal Magistrate Act, 28 U.S.C.A. § 636, by considering the case initially without District Court order and later by independently denying a motion for appointment of counsel. In addition, he alleges that the District Court erred in (i) failing to conduct a comprehensive *de novo* review of the entire record, (ii) failing to provide Washington an opportunity to object to the Magistrate's recommendation, (iii) ruling as harmless error incorrect file markings on the record, and (iv) finding that Washington was afforded adequate representation of counsel. Finding that Washington's alleged error affords him no federal relief, we affirm the District Court's denial of habeas.

### Ineffective Assistance Of Counsel—Bad Timing?

Believing Washington's claim of ineffective assistance of counsel as his most substantial challenge, we address it initially. At both the State and Federal level, as well as now, Washington's primary complaint is with counsel's failure to object to the testimony of State's witness, Detective John Adamich, which bolstered the unimpeached testimony of complainant Laney concerning his identification of Washington at the pretrial line-up.[1]

* Due to his death on May 15, 1981, Judge Gewin did not participate in this decision. The case is being decided by a quorum, 28 U.S.C.A. § 46(d).

1. Q (By Mr. Ovard) Now, I am going to ask you to recall to the next day after the arrest to the date of September 9th, 1971 in the late afternoon, say 5:00 to 5:30, and ask you if you had an occasion to conduct a line-up?

A Yes, I did.
Q And was Mr. Laney, Mr. James Laney who we referred to, did he have an occasion to view that line-up?
A He did.
Q And I will ask you further if he had an occasion to point out any of the persons in the line-up?
A Yes, he did.

■ Under Texas law, bolstering testimony constitutes reversible error provided the error is preserved for review by contemporaneous objection. *Lynons v. State*, 388 S.W.2d 950 (Tex.Crim.App.1965). Because the error complained of in the present case was not properly preserved, the State Courts have accordingly refused review. *See, e. g., Aldrighetti v. State*, 507 S.W.2d 770 (Tex.Crim.App.1974).

Likewise, counsel's failure to object will foreclose review at the federal level, unless Washington can establish his right to review under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Sykes* admonishes us that absent *cause* for the procedural default and *actual prejudice* from the error, principles of comity and federalism prevent federal courts from granting habeas relief to state prisoners whose claim is non-reviewable in State Court because of the default. *Accord, Jiminez v. Estelle*, 557 F.2d 506, 511 (5th Cir. 1977); *Jurek v. Estelle*, 593 F.2d 672, 683 (5th Cir. 1979). Washington argues that the "cause" of his trial counsel's failure to object to the bolstering testimony was due to his counsel's ineffectiveness. This will not suffice. We have previously held that an allegation of ineffective counsel is not sufficient to satisfy the "cause" requirement. *Lumpkin v. Ricketts*, 551 F.2d 680 (5th Cir. 1977), *cert. denied*, 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977).

[P]etitioner has not demonstrated cause for his failing to make a timely challenge. His only allegation in this regard is that his trial attorney provided ineffective assistance of counsel in failing to so object. This assertion must be rejected, however, for, if accepted, it would effectively eliminate any requirement of showing cause at all. If a petitioner could not demonstrate any legitimate cause, he would only have to raise the spectre of ineffective assistance of counsel to get his challenge heard. This we refuse to sanction. 551 F.2d 680 at 683. *See also Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979); *Indiviglio v. United States*, 612 F.2d 624 (2d Cir. 1979), *cert. denied*, 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980).

This conclusion is further reinforced by the recent opinion on petition for rehearing in *Tyler v. Phelps*, 643 F.2d 1095 (1981), which declined to hold, as it originally had, that an allegation of ineffective assistance of counsel, though not in the nature of a Sixth Amendment violation, might satisfy "cause". We further embrace that Court's conclusion that it is "not for federal courts to speculate as to possibly reasons for failure to object." *Phelps*, 643 F.2d at 1100, 1102. In the present case, finding that sufficient "cause" has not been established because it cannot be established by a mere allegation of ineffective assistance, nor has it been established by the record itself, we hold that the unexcused failure to comply with Texas contemporaneous objection rule precludes the granting of habeas corpus relief of this claim. Since the "cause" element has not been met, we need not reach a determination of whether or not Washington suffered "actual prejudice".

### Ineffective Assistance Of Counsel—Sixth Amendment Violation?

■ Washington also raises lack of effective assistance of counsel as a separate ground for relief by way of a Sixth Amendment violation. The Sixth Amendment right to counsel entitles the accused in a criminal proceeding to representation by an

Q And were these the two men who he had reported had robbed him?
A That's correct.
Q I ask you whether or not or—state the facts with reference as to whether or not this Defendant, Eugene Washington Jr., was one of those persons he picked out?
A He was.
MR. OVARD: Your Honor, at this time I think the law requires to have this sub rosa hearing in compliance with the Defense Motion.
THE COURT: All right, let the Jury go out for a minute.
Mr. Ovard, let me see that second paper that you gave Mr. Ellis a photostat copy of, in reference to a line-up.
(WHEREUPON, the Jury was retired to the Jury Room for a sub rosa hearing, outside the presence and hearing of the Jury.)

attorney reasonably likely to render and rendering reasonably effective assistance. *See, e. g., Hill v. Wainwright,* 617 F.2d 375 (5th Cir. 1980); *Rummell v. Estelle,* 590 F.2d 103 (5th Cir. 1979); *Carbo v. United States,* 581 F.2d 91 (5th Cir. 1978); *Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974). Moreover, we have said that effective assistance is neither tantamount to errorless assistance, nor counsel judged ineffective by hindsight. *Clark v. Blackburn,* 619 F.2d 431 (5th Cir. 1980); *Easter v. Estelle,* 609 F.2d 756 (5th Cir. 1980); *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir.), *modified,* 289 F.2d 928, *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). Rather, the methodology for applying the standard involves an inquiry into the actual performance of counsel conducting the defense and a determination of whether reasonably effective assistance was rendered based upon the *totality* of circumstances in the entire record. *See, e. g., Lovett v. State of Florida,* 627 F.2d 706 (5th Cir. 1980); *United States v. Gray,* 565 F.2d 881 (5th Cir. 1978); *Lee v. Hopper,* 499 F.2d 456 (5th Cir. 1974). It is within this framework of totality of circumstances that we judge the "fundamental fairness" of the trial and ultimately counsel's effectiveness or ineffectiveness.

■ In the present case, the record affords the conclusion, that Washington's counsel overall, rendered effective assistance by (i) filing pre-trial motions, (ii) requesting and obtaining a *"sub-rosa"* hearing prior to the time that Laney was permitted to effect an in-court identification of Washington, (iii) obtaining a hearing outside the jury's presence concerning whether Washington's oral confession and the pawn ticket should be admitted into evidence, (iv) lodging objections (although overruled) to the confession and pawn ticket, and (v) cross examining the State's witness rigorously in an effort to undermine Laney's in-court identification. Washington specifically faults his counsel in this ground of error for failing to object not only to the

bolstering testimony but to the following alleged improper prosecutorial comments.

> Fortunately, these robbers were caught due to these facts that we haven't been able to go into, facts that certainly you know from the evidence that you can reasonably deduct from the evidence that something happened four days after this robbery which led to the apprehension of these two men, both of them on the same day, this one and Wess, that we can't go into, I wish we could.[2]

■ The State Court declined to review this challenge for the same reasons that it had refused to review the alleged error of bolstering—no objection. The District Court, on the other hand, found that the unobjected to statement, although improper, was not prejudicial enough to violate the constitutional principles of fundamental fairness of the trial as a whole. We agree. This Circuit has repeatedly held that prosecutor's alleged misconduct must be viewed in the context of the entire trial, *United States v. Socony-Vacuum Oil Co., Inc.,* 310 U.S. 150, 239, 242, 60 S.Ct. 811, 853, 84 L.Ed. 1129 (1940); *Berger v. United States,* 295 U.S. 78, 89, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935); *Houston v. Estelle,* 569 F.2d 372, 378 n. 8 (5th Cir. 1978), and the admission of prejudicial evidence can justify habeas corpus relief only if the error was "material in the sense of crucial, critical, highly significant factor." *Anderson v. Maggio,* 555 F.2d 447, 451 (5th Cir. 1977). The record in the present case reflects an overwhelming amount of evidence indicating Washington's guilt—his oral confession, the pawn ticket, and Laney's identification testimony. Neither Detective Adamich's testimony or the prosecutor's comment at the *punishment* phase of the trial, contained any new prejudicial material. Consequently, Washington cannot find relief in a Sixth Amendment ineffective assistance of counsel claim.

---

**2.** Appellant's brief asserts that error in the argument occurred in the guilt phase of the trial. The record reflects no transcription of the court reporter's notes of the jury arguments in the guilt phase, but we do not find the statements complained of in the arguments during the punishment phase of appellant's bifurcated trial.

### Magistrate Violations?

Washington lodges several due process violations in the review of his petition by the federal magistrate and the District Court. We find these allegations lacking in constitutional merit.

█ Initially, Washington alleges that the federal magistrate violated his scope and authority when he independently considered Washington's writ application and subsequently when he transferred the case without notifying petitioner. The United States Magistrate Act, 28 U.S.C.A. § 636[B][3] authorizes the magistrates to enter findings and recommendations in 28 U.S.C.A. § 2254 petitions. It is clear from the language and legislative history of the 1976 amendments to the act, which were applicable at the time of this action, that Congress intended to give magistrates more than just the authority to make a preliminary review of § 2554 petitions. Subsection [B] extended their authority to include conducting evidentiary hearings and, when necessary, reviewing additional evidence relating to the issues presented. The District Judge was then given wide discretion to "accept, reject or modify" the magistrate's findings and recommendations, including the power to remand with instructions. H.R.Rep.No. 94–1609, 94th Cong., 2d Sess. 12, *reprinted in* [1976] U.S.Code Cong. & Ad.News, pp. 6162, 6171. Further, under Miscellaneous Order 13, Local Rules for the U.S. District Court for the Northern District of Texas, all § 2254 petitions are automatically referred to magistrates.[4] We also

---

**3. § 636. Jurisdiction, powers, and temporary assignment**

(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;

(2) the power to administer oaths and affirmations, impose conditions of release under section 3146 of title 18, and take acknowledgments, affidavits, and depositions; and

(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section.

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

**4.** In order to implement the Rules of practice and procedure governing actions under 28 U.S.C. §§ 2254 and 2255, promulgated by Order of the Supreme Court of the United States' and as modified by P.L. 94–426 enacted September 28, 1976, and by Section 2 of P.L. 94–577 enacted October 21, 1976, and to provide for appropriate forms and pleadings in such cases, IT IS ORDERED:

1. *RULES GOVERNING.* The rules governing procedure in actions under 28 U.S.C. §§ 2254 and 2255 shall be applicable, together with the additional directives hereinafter provided.

2. *LETTERS AND PLEADINGS.* All letters or pleadings seeking post conviction relief, whether prepared on forms provided by the

find persuasive in this issue the fact that the District Court adopted the magistrate's recommendations without remanding, thereby impliedly recognizing the magistrate's authority.

Finding that the case had been properly referred to the magistrate's office initially, Washington's contention that due process entitled him to notice of the transfer of the case from one magistrate to another is irrelevant. Washington has neither alleged nor demonstrated prejudice of a constitutional magnitude in the consideration of the case by a different magistrate than the one who originally entered the show cause order.

■ Neither do we accept Washington's proposition, that the magistrate unconstitutionally was delegated the power to deny Washington's motion for appointment of counsel. Although the power to appoint counsel is not expressly stated in the act,

§ 636(b)(3) provides generally for the assignment to a magistrate of any other duty not inconsistent with the Constitution and laws of the United States. Congress included this provision to enable the District Court to continue innovative measures in the use of magistrates. The placement of this additional grant of authority in an entirely separate subdivision emphasizes that this section was not to be restricted by other specific grants of authority. The Legislative History further suggests that this subsection would enable the courts to delegate more administrative functions to the magistrate, such as "the appointment of attorneys in criminal cases and assistance in the preparation of plans to achieve prompt disposition of cases in the court." U.S.Code Cong. & Ad.News at 6172 [1976]. Moreover, Washington concedes that there exists no constitutionally mandated right to ap-

Court or otherwise, shall be promptly referred, prior to filing, to one of the United States Magistrates at Dallas, Fort Worth, Lubbock, or other designated Magistrate (hereinafter sometimes called Magistrate), for review and determination whether the material submitted substantially complies with the rules of practice and procedure governing actions under Sections 2254 and 2255. If a Magistrate finds the petition or motion not to be in proper form or substance, he may direct that it be returned, as provided in Rule 2 governing proceedings under Sections 2254 and 2255.

a. Section 2254 Actions—The Magistrate shall direct the Clerk to make such reply, if any, as may seem appropriate to letters and inquiries; and to file petitions or motions found to be in the proper form and substance in cases in which the petition is accompanied by the appropriate fee or in cases where the petitioner has been permitted to proceed in forma pauperis.

b. Section 2255 Actions—After determining the material submitted in a motion is in substantially proper form, the Magistrate shall refer the matter to the United States District Judge who originally handled the case, or in the alternative, to the Judge with responsibility for the docket where the case will be assigned; such Judge shall direct the Clerk to take appropriate action, or may return the matter to the appropriate Magistrate for handling.

3. *FORM OF PETITION AND/OR MOTION.* The United States District Court for the Northern District of Texas has determined that slight modifications are needed in some of the model forms promulgated by the enabling order and legislation although retaining substantially the said model forms. Blank copies of the adopted forms are attached hereto and incorporated herein and shall be made available without charge by the Clerk of the District Court to petitioners and movants upon written request. The following petitions, motions, and orders are adopted for use in this District:

a. Miscellaneous Order Establishing a Procedure to be Followed in Petitions and/or Motions for Post Conviction Relief filed Pursuant to the Provisions of 28 U.S.C., Sections 2254 and 2255, and Delegation of Powers to Certain United States Magistrates;

b. Section 2254 Petitions:

(1) Petition for Writ of Habeas Corpus by Person in State Custody (9 pages), and

(2) Affidavit in Support of Request to Proceed in Forma Pauperis (2 pages);

(3) Order Permitting Proceeding in the District Court In Forma Pauperis and/or Order Specifying Further Action to be taken by the Clerk (1 page);

(4) Order to Show Cause and Notice and Instruction to Parties (1 page); and

(5) Petitioner's Response as to Why His Petition Should not be Barred Under Rule 9;

c. Section 2255 Motions:

(1) Motion under 28 U.S.C., Section 2255, To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (9 pages), and

(2) Affidavit in Support of Request to Proceed In Forma Pauperis (2 pages); and

(3) Order and Instructions to Parties in a Motion Under 28 U.S.C., Section 2255 (1 page);

(4) Movant's Response as to Why His Motion Should Not Be Barred Under Rule 9.

pointed counsel in a habeas corpus action; hence, the refusal to appoint counsel does not rise to the level of a constitutional infraction.

 Both in his brief and at oral argument, Washington maintains that the District Court erred in reviewing *de novo* only the objected to portion of the magistrate's findings, rather than reviewing the entire record *de novo*. The order adopting the magistrate's findings, conclusions and recommendations stated:

> The Court having considered the Findings and Recommendations of the United States Magistrate filed on September 19, 1979, and the Court further having reviewed and considered the written objections filed by the Petitioner herein on October 2, 1979, and the Court having made a *de novo* review of the objections raised by the Petitioner and the Court being of the opinion that the findings are correct and that the objections are without merit,
>
> IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendations of the United States Magistrate are adopted.

R. vol. I at 17.

Based on the language of this order, we are convinced that the District Judge sufficiently complied with the act which requires "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1)(C). *See, e. g., Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352 (5th Cir. 1980).

Washington's final allegation in this regard is that the Court erred in not providing him an opportunity to object to the magistrate's denial of the certificate of probable cause. That error, if any, was cured by this Court's granting of the certificate of probable cause for this appeal.

 We also consider as harmless, Washington's allegation that erroneous file markings in the record entitle him to an evidentiary hearing and additionally establish a denial of due process. According to the file markings, only 17 minutes were allowed for objections to the instructions to the jury, closing arguments for both sides, jury deliberation and announcement of the verdict.[5] In addressing this point, the Magistrate concluded that the record was in error but denied relief because Washington had failed to demonstrate an abridgement of any constitutional right or actual prejudice caused by the clerical error. (R. vol. I at 17.) We affirm this finding and further hold that the District Court is not required to hold an evidentiary hearing, as Washington asserts, because he has failed to allege facts which, if true, would have entitled him to any relief from his conviction. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Rutledge v. Wainwright*, 625 F.2d 1200, 1205 (5th Cir. 1980); *Easter v. Estelle*, 609 F.2d 756 (5th Cir. 1980); *Cronnon v. State*, 587 F.2d 246, 249 (5th Cir.), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979); *Hills v. Henderson*, 529 F.2d 397 (5th Cir. 1976).

Finding nothing in any of Washington's claims which rises to a constitutional level, we hold that the District Court properly denied Washington's petition for habeas corpus.

AFFIRMED.

---

5. It appears from the record that the District Court declared a noon recess after the state had rested its case in chief in the guilt-innocent portions of the trial, and directed the jury to return at 1:30 p. m. on the afternoon of May 16, 1972. The District Court charge and the jury's verdict on guilt-innocence bear the stamp of the district clerk indicating that the same were filed at 1:47 p. m. on the 16th. (R. vol. I at 16–17.)