Leon **ALCORN**, Petitioner-Appellant,

v.

Steve **SMITH**, Warden Kentucky State Reformatory, Respondent-Appellee.

No. 82–5623.

United States Court of Appeals, Sixth Circuit.

Argued April 28, 1983.

Decided Jan. 9, 1986.

Kevin Michael McNally, Asst. Public Advocate, Frankfort, Ky., M. Gail Robinson (argued), for petitioner-appellant.

Steven L. Beshear, Atty. Gen., Frankfort, Ky., Martin Glazer (argued), Virgil W. Webb, III, for respondent-appellee.

Before KEITH and MERRITT, Circuit Judges and WISEMAN, District Judge *.

WISEMAN, District Judge.

The facts and prior procedural history of this case are set forth in the Court's opinion of December 20, 1983. 724 F.2d 37 (6th Cir.1983). Petitioner filed a petition for the Writ of Certiorari, and a Motion to Vacate the prior judgment of this Court, the Supreme Court vacated the judgment and remanded the cause to this Court, —— U.S. ——, 105 S.Ct. 2315, 85 L.Ed.2d 835, for further proceedings in light of the assertions set forth in the petitioner's Motion to Vacate, and the response filed thereto.

This Court had vacated the judgment of the district court *sua sponte* because it appeared to us on the record before us that petitioner had failed to exhaust available remedies in the Kentucky courts. We found that petitioner had not presented the Kentucky Supreme Court with the claim that his procedural default should be excused to prevent injustice or because his counsel was inadequate. We held that Ky. R.Cr. 11.42 afforded petitioner an adequate post-conviction opportunity to raise these claims and that it had not been utilized.

After certiorari was granted, counsel for petitioner first learned that petitioner had filed two *pro se* state post-conviction actions under Ky.R.Cr. 11.42 prior to the filing of his habeas corpus action, and these facts were acknowledged by the respondent. In view of these events, unknown to counsel and unasserted before us in our previous consideration, the case is remanded to us to reconsider the petitioner's appeal from the dismissal by the district court on its merits.

## I

## NECESSITY OF A "CAUSE AND PREJUDICE" HEARING.

The standard of "cause" for a procedural default was left open for case-by-case determination in the seminal case of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Court there said: "Matters such as the competence of counsel, the procedural context in which the asserted waiver occurred, the character of the constitutional right at stake, and the overall fairness of the entire proceeding, may be more significant than the language of the test the Court purports to apply." *Id.* at 95–96, 97 S.Ct. at 2511 (Burger, J., concurring).

This Court has held that a hearing is necessary to determine cause and prejudice under *Sykes*. *See Hockenbury v. Sowders*, 620 F.2d 111 (6th Cir.1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981).

One of the early cases that establishes that evidentiary hearings should be held to determine whether incompetence of counsel constituted "cause" under *Sykes* was *Jiminez v. Estelle*, 557 F.2d 506, 511 (5th Cir. 1977). There the petitioner alleged that he had received an illegal sentence because it was based on prior convictions that were obtained in denial of his right to counsel. The state required contemporaneous objections to this evidence, but the defendant's

---

* Honorable Thomas A. Wiseman, Jr., District Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

attorney failed to object to the convictions on due process grounds and therefore waived the claims under *Sykes.* The court stressed that this could be a "classic case in which holding that the federal habeas court cannot consider the error [alleged] would run counter to the Supreme Court's provision of the failsafe mechanism of permitting him to show that rigid application of the Rule would indeed result in a miscarriage of justice." *Id.* at 511. The court also observed that no tactical advantage could have been gained by failure to object and remanded the case for a hearing on cause and prejudice. *Id.* The Fifth Circuit has continued to require hearings. *See, e.g., Huffman v. Wainwright,* 651 F.2d 347, 352 (5th Cir.1981) (per curiam).

Because the *Sykes* court left open the standard of "cause" for a case-by-case determination, the Ninth Circuit has held that the degree of attorney inadvertence necessary to constitute cause must be resolved by examination of the particular facts at hand. Thus, the court held that an evidentiary hearing should be required in many cases. *Farrow v. United States,* 580 F.2d 1339, 1356–57 (9th Cir.1978) (en banc).

■ Under the circumstances in the present case, the district court must grant the petitioner a hearing to determine whether there was cause and prejudice to justify his procedural default. The district court gave the petitioner no opportunity to demonstrate why his counsel failed to preserve the error or to hear from trial counsel whether there was a legitimate reason for the default. Because there are factual issues in dispute and an insufficient record upon which to resolve the legitimate claims advanced by the petitioner, the district court erred in denying petitioner's request for a cause and prejudice hearing. *See Hines v. Enomoto,* 658 F.2d 667, 674 (9th Cir.1981); *United States v. Barnes,* 610 F.2d 888, 893 (D.C.Cir.1979). Without a hearing, there would never be an opportunity for a habeas petitioner to meet the Supreme Court's cause and prejudice requirement.

This case must therefore be remanded to the district court for a hearing on cause and prejudice. In reviewing this case, the Court must consider the various claims which the petitioner has raised. To ensure that the district court has adequate guidance to resolve the issues, and to clarify the standard of cause and prejudice for future cases, we will proceed to discuss the considerations necessary for informed resolution of this case.

**II**

**INEFFECTIVENESS OF COUNSEL**

Counsel for the state assert that ineffectiveness of counsel can never constitute cause for a procedural default. They rely primarily on two cases: *Washington v. Estelle,* 648 F.2d 276 (5th Cir.), *cert. denied,* 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981); *Lumpkin v. Ricketts,* 551 F.2d 680 (5th Cir.), *cert. denied,* 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977). In *Lumpkin* the court held that the bare allegation that an attorney was ineffective in failing to raise an objection is insufficient to establish cause. 551 F.2d at 682–83. This statement, however, was dicta because a court had already determined that counsel had not been ineffective in failing to raise the claim. *Id.* at 683. Again, in *Washington,* the court stressed that the bare allegation of ineffectiveness of counsel was insufficient to establish cause while also observing that the record itself did not bear out the allegation. 648 F.2d at 278.

Subsequent to the decision in *Lumpkin,* the Fifth Circuit held that proof of ineffectiveness of counsel was a sufficient showing of cause under *Sykes* to justify review of defaulted claims. *Sincox v. United States,* 571 F.2d 876, 880 (5th Cir.1978). Subsequent to the decision in *Washington,* the Fifth Circuit again recognized that inadequate representation of counsel constitutes cause for a default, and remanded for a hearing a determine why counsel had failed to challenge jury selection procedures. *Huffman v. Wainwright,* 651 F.2d 347, 351–52 (5th Cir.1981) (per curiam). *See also Goodwin v. Balkcom,* 684 F.2d

794, 809 n. 17 (11th Cir.1982), *cert. denied,* 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983) (observing that ineffective counsel may satisfy cause and prejudice requirements and distinguishing *Lumpkin v. Ricketts* where there was a "hollow claim" or base assertion of ineffective counsel, unsupported by testimony); *Jurek v. Estelle,* 593 F.2d 672, 684 (5th Cir.1979), *en banc,* 623 F.2d 929 (1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981) ("[A]ttorney misfeasance which amounts to an abdication of the duty to make informed tactical choices at trial constitutes cause within the meaning of *Wainwright v. Sykes.*").

The Ninth Circuit has held that the inadvertence or ignorance of counsel will constitute cause even if the attorney's handling of the case does not constitute ineffective assistance of counsel. *Garrison v. McCarthy,* 653 F.2d 374, 377–78 (9th Cir. 1981). Similarly, the Eighth Circuit has held that inadvertence of counsel may constitute cause for a procedural default. *Collins v. Auger,* 577 F.2d 1107, 1110 n. 2 (8th Cir.1978) (dicta), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979); *Rinehart v. Brewer,* 561 F.2d 126, 130 n. 6 (8th Cir.1977) (holding that ineffective assistance of counsel provided a showing of cause for a procedural default, in light of all the circumstances at trial). Courts have generally agreed that constitutionally ineffective assistance of counsel constitutes cause, though they have split over whether lesser negligence is sufficient. Goodman & Sallett, Wainwright v. Sykes: *The Lower Federal Courts Respond,* 30 Hastings L.Rev. 1683, 1725 (1979). Such a holding is not inconsistent with the Supreme Court's holding in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Although the *Isaac* Court refused to hold that a default caused by an attorney's inadvertence in failing to anticipate a constitutional ground upon which to challenge a conviction would not satisfy the cause requirement, the Court distinguished situations where an attorney is incompetent. *See Engle v. Isaac,* 456 U.S. at 134, 102 S.Ct. at 1575. Incompetence of counsel is distinguishable from mere inadvertence or negligence, and should be sufficient to justify habeas review despite a procedural default.

The district court in the present case did not recognize the petitioner's claim that ineffective assistance of counsel may constitute cause for a procedural default. This claim, however, has consistently been upheld in this circuit. In *Canary v. Bland,* 583 F.2d 887 (6th Cir.1978), the defendant had been convicted under Kentucky's habitual criminal statute when one prior conviction had been obtained on a guilty plea following a defective transfer from juvenile court. Because the attorney failed to challenge that conviction in the habitual criminal proceeding, the claim was forfeited under state law. Noting that the deficiencies in transfer proceedings were clear on the face of the juvenile court order, the court held that the attorney was obliged to bring the infirmities in the prior proceedings to the attention of the court or, at the latest, on appeal. The court held that his failure to do so constituted a denial of the petitioner's right to counsel and therefore that the petitioner had demonstrated cause for the procedural default. *Id.* at 891 (citing *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974) (ineffective assistance of counsel standard)).

The district court should therefore afford the petitioner an opportunity to establish that his trial attorney's conduct satisfied the cause and prejudice standard of *Sykes.* It is conceivable that the petitioner may be able to establish that his counsel was ineffective. This circuit defines effective counsel as one who performs "at least as well as a lawyer with ordinary training and skill in the criminal law." *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974). To satisfy the requirements of *Sykes,* the error must work to the defendant's actual prejudice. If the failure to object to the prior convictions in this case had not resulted in an enhancement of Alcorn's sentence, it would not have satisfied *Sykes'* prejudice requirement and would not constitute ineffective assistance. *See McDonald v. Es-*

*telle,* 536 F.2d 667, 671 (5th Cir.1976) (per curiam), *vacated and remanded in light of Sykes,* 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088, *remanded for consideration of cause,* 564 F.2d 199 (5th Cir.1977). Similarly, other nonegregious errors such as failure to perceive or anticipate a change in the law, as was the case in *Isaac,* generally cannot be considered ineffective assistance of counsel.

## III

### OTHER FACTORS

There are factors in this case other than the effectiveness of counsel, and the district court should not limit its consideration of cause and prejudice to the issue of whether counsel was sufficiently effective. The right at issue in this case is a fundamental one—the right not to be convicted unless guilt is proved by sufficient evidence. The district court must therefore determine, after a full and fair hearing, whether such a basic right is entitled to a more moderate calculation of cause and prejudice and whether the state presents sufficient interests in finality to justify its strong limitations on a review of that right.

The petitioner asserts that *Sykes* should not apply to claims of insufficient evidence to support a conviction. It is a denial of due process to convict and punish a person without evidence of that person's guilt. *Thompson v. City of Louisville,* 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed.2d 654 (1960). A conviction based on a record lacking evidence as to a crucial element of the offense charged violates due process. *Vachon v. New Hampshire,* 414 U.S. 478, 480, 94 S.Ct. 664, 665, 38 L.Ed.2d 666 (1974). Under Kentucky law, proof that the defendant in a persistent felon trial was eighteen years of age at the time he committed the prior felonies is an essential element of the offense which the state must prove. The proof requirement is not satisfied merely by showing that the defendant was eighteen at the time of the conviction. *Adams v. Commonwealth,* 551 S.W.2d 561, 564 (Ky.1977). Therefore, the petitioner's persistent felon conviction

based upon no proof beyond a reasonable doubt on this element of the crime violates due process. *See In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970).

In *Jackson v. Virginia,* 443 U.S. 307, 322–23, 99 S.Ct. 2781, 2790–91, 61 L.Ed.2d 560 (1979), the Supreme Court upheld the reviewability of sufficiency of the evidence claims in habeas corpus despite an invitation to impose an absolute rule of preclusion on such claims as it had in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), with Fourth Amendment claims. In contrast to Fourth Amendment exclusionary rule claims, which the Court held present "an issue that has no bearing on the basic justice of [one's] incarceration," *Powell,* 428 U.S. at 492 n. 31, 96 S.Ct. at 3051 n. 31 (1976), the *Jackson* Court stressed that sufficiency of the evidence claims are central to the question of guilt or innocence. 443 U.S. at 322–23, 99 S.Ct. at 2790–91 (1979). The petitioner's claim is therefore one involving "guilt related rights," which the Supreme Court deems to be most deserving of protection. *See* Wilkes, *Federal and State Postconviction Remedies and Relief,* § 8–29 at 184 (1983). Rights to substantive due process, such as the right to a conviction upon proof beyond a reasonable doubt, are among the most important. "[T]he writ has historically been available for attacking convictions on ... grounds [of substantive due process] ... because it represents the clearest instance where finality interests should yield." *Mackey v. United States,* 401 U.S. 667, 692–93, 91 S.Ct. 1171, 1180, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring). *See Canary v. Bland,* 583 F.2d 887, 891–95 (6th Cir.1978) (Merritt, J., concurring).

Nevertheless, the Supreme Court has indicated that the cause and prejudice standard applies to sufficiency of the evidence claims. In *Jackson,* the Court implicitly recognized this requirement: "Thus, assuming ... that no independent and adequate state ground stands as a bar, [citing *Francis (v. Henderson,* 425 U.S. 536, 96

S.Ct. 1708, 48 L.Ed.2d 149 [1976]) and *Sykes*], it follows that such a claim is cognizable in a federal habeas corpus proceeding." 443 U.S. at 321, 99 S.Ct. at 2790 (1979). Additionally, the Court noted the practice of federal courts to entertain *"properly preserved* challenges to evidentiary sufficiency," *id.* at 317 n. 10, 99 S.Ct. at 2788 n. 10 (1979) (emphasis added), and stressed that the petitioner in that case had properly preserved the error under Virginia law, which required sufficiency of the evidence claims to be raised on direct appeal, *id.*, at 311 n. 4, 99 S.Ct. at 2785 n. 4 (1979). The Court reiterated its concern for procedural requirements in *Jackson* cases in *Isaac*, where it held that errors affecting the truthfinding function must meet a threshold showing of cause and prejudice but noted that the nature of the claim "may affect the calculation of cause and actual prejudice." *Isaac*, 456 U.S. at 129, 102 S.Ct. at 1572 (1982). The petitioner's sufficiency of the evidence claim should therefore be supported by a showing of cause and prejudice.

The importance of this right, however, affects the calculation of cause and prejudice. The state interests served by *Sykes* and *Isaac* are not present to the same degree in a case such as this, and may well be insufficient to justify the State's procedural barriers. There is clearly no tactical justification to be gained by failing to assert a challenge to the sufficiency of the evidence, nor any reason to "sandbag" the claim for later determination. Nor is there a compelling need for a challenge to be made at trial as there is in the case of an objection to jury instructions or a motion to suppress evidence. In those cases there is a need to proceed with the trial and submit the factual issues to the jury. Moreover, a successful challenge to those violations would require a retrial of the case on remand. Here, however, where the sufficiency of evidence may be resolved from the record, there may be no need to bring the case back again before a jury. Therefore, the interest in finality and in making the trial the "main event" are not as compelling.

Unlike the contemporaneous objection rule in *Sykes*, the procedural requirement in this case is not as common and well-established a rule. Prior to 1977, the Kentucky courts had allowed sufficiency of the evidence claims to be preserved for appellate review by a motion for a directed verdict or on a motion for a new trial. *See Carpenter v. Liebson*, 683 F.2d 169, 170 (6th Cir.1982) (citing *Kimbrough v. Commonwealth*, 550 S.W.2d 525 (Ky.1977); *Long v. Commonwealth*, 559 S.W.2d 482 (Ky.1977)). Moreover, Kentucky's requirement is more demanding than the one implicitly approved in *Jackson v. Virginia*, which allowed defendants to raise sufficiency of the evidence claims on direct appeal. Virginia's requirement in *Jackson* would have allowed the petitioner in this case to raise his claims in the state courts.

■ Because of the importance of the right at issue, it is vital that criminal defendants be allowed an adequate opportunity to present these claims. An inadequate state forum for presenting sufficiency of the evidence claims will constitute "cause" for the procedural default. *See Canary v. Bland*, 583 F.2d 887, 894 (6th Cir.1978) (Merritt, J., concurring). A procedural default under a state procedural rule that is arbitrary or unreasonable may not preclude section 2254 relief. *See* Kinnamon, *Defenses to the Preclusive Rule of* Wainwright v. Sykes, 28 Drake L.Rev. 571, 597–98 (1978–79). Where a right as fundamental as substantive due process is at issue, relief should not be precluded by an attorney's failure to comply with a procedural rule which does not embody a strong state interest in finality. As discussed above, the policies of finality discussed in *Sykes* are not present in full force in this case. Yet, the state has required that objections to the sufficiency of the evidence be preserved at trial or forever precluded. The state courts then refused to hear the objections on appeal and further rejected, without hearing evidence, the petitioner's offer to prove that the default was due to his attorney's incompetency. Kentucky has thus made it effectively impossible for Alcorn to

**64**

assert his sufficiency of the evidence claim. We can discern no legitimate state interest strong enough to justify this. If Alcorn can show that the state forum "was insufficiently hospitable to his federal claim," he has established cause for the procedural default. *Jurek v. Estelle*, 593 F.2d 672, 684 (5th Cir.1979), *en banc*, 623 F.2d 929 (1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981).

Because there was no evidence presented of Alcorn's guilt under the persistent felon statute, the prejudice prong is clearly satisfied. Where is strong evidence of a petitioner's guilt and a lack of evidence for his claim, the actual prejudice requirement is not satisfied. *United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508–09, 53 L.Ed.2d 594 (1977). Actual prejudice must work to the convicted person's "actual and substantial disadvantage, infesting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (1982). The errors at the petitioner's trial worked to his actual disadvantage because he was convicted without proof of his guilt. Anytime one is convicted when the evidence does not establish his guilt of the crime charged, he has demonstrated actual prejudice.

Because the petitioner may not have had sufficiently effective counsel or an adequate opportunity to raise his claims, and because his claims related to the fundamental right to proof of guilt beyond a reasonable doubt, this cause is reversed and remanded to the district court for a hearing on cause for the procedural default.