940 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gilbert BRADFORD, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 91-1171.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1991.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Gilbert Bradford, a pro se Michigan prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Bradford in July 1985 of first degree murder and assault with intent to commit murder. He was sentenced to concurrent terms of life imprisonment without possibility of parole and 50-75 years. Bradford's convictions and sentence were affirmed on direct appeal. He then filed a petition for habeas corpus in federal district court which was denied on its merits in 1987.
 
 
 4
 Bradford's subsequent petition for delayed leave to appeal was denied by the Michigan Court of Appeals on October 5, 1988. At that time he raised the six grounds presented in his present petition for habeas corpus. The Michigan Supreme Court denied leave to appeal on April 25, 1989. This petition followed.
 
 
 5
 In his present petition, Bradford raises six grounds for relief, implicating the fourth, sixth, and fourteenth amendments: (1) illegal arrest under a John Doe warrant, (2) illegal seizure of evidence, (3) falsification of official documents by the prosecution, (4) lack of jurisdiction by the trial court, (5) prosecutorial misconduct in encouraging false testimony, and (6) ineffective assistance of counsel. The respondent raised the issue of abuse of the writ in his answer.
 
 
 6
 A magistrate judge filed a report on December 14, 1990 in which he recommended that Bradford's petition be dismissed as successive. He found that once the issue had been raised, Bradford failed to prove that he had not abused the writ. Bradford's timely objections offered an explanation for his failure to present his new issues in his first petition. However, the district court adopted the magistrate judge's report and recommendation and dismissed Bradford's petition with prejudice.
 
 
 7
 On appeal, Bradford argues that the district court should have considered the merits of his petition and continues to argue those merits. He requests the appointment of counsel in his brief.
 
 
 8
 Upon consideration, we vacate the district court's judgment and remand the case because, under the recent Supreme Court decision in McCleskey v. Zant, 59 U.S.L.W. 4288, 111 S.Ct. 1454 (U.S. April 16, 1991), Bradford is entitled to an evidentiary hearing on the question of cause and prejudice for his failure to raise his present issues in his first habeas petition.
 
 
 9
 In McCleskey, the Supreme Court addressed the problem of abuse of the writ and held that the cause and prejudice analysis previously adopted for cases of procedural default applies to an abuse of the writ inquiry. McCleskey, 59 U.S.L.W. at 4296. Attorney error short of ineffective assistance of counsel will not constitute cause for failing to raise an issue in the initial petition. See Murray v. Carrier, 477 U.S. 478, 488 (1986). However, if a petitioner raises a facially valid claim of cause premised on counsel's ineffective assistance, the district court should hold an evidentiary hearing to resolve the matter. Alcorn v. Smith, 781 F.2d 58, 59-60 (6th Cir.1986).
 
 
 10
 Bradford has raised a facially valid claim of ineffective assistance of appellate counsel. In addition to the subjective complaints asserted in his objections to the magistrate judge's report, Bradford states that his complaint against his appellate counsel was investigated by the Michigan Attorney Grievance Commission and the Michigan Appellate Assigned Counsel System. He further asserts that one or both of these agencies found his appellate counsel to be in violation of specific minimum standards of representation. Upon entering the prison system, Bradford was then approached by several jailhouse lawyers, one of whom filed Bradford's first habeas petition raising the sole meritless issue raised by appellate counsel on direct appeal.
 
 
 11
 Even though Bradford presented a facially legitimate argument in his objections, the district court did not respond to those objections in any way. Because the record does not conclusively show that Bradford is not entitled to a hearing on the question of cause, the district court is required to set forth its findings of fact and conclusions of law. See generally United States v. Edwards, 711 F.2d 633, 633 (5th Cir.1983). Under Alcorn, Bradford has demonstrated the need for an evidentiary hearing to determine whether cause is established.
 
 
 12
 Cause, of course, is only half of the analysis. Bradford must also show prejudice. We have briefly reviewed the issues raised in this habeas petition in light of the realization that the interests of judicial economy would not be served by remanding claims that are clearly frivolous.
 
 
 13
 We conclude that none of the claims may be dismissed at this time as clearly frivolous. On its face, Bradford's petition does include a fourth amendment argument regarding the illegal seizure of evidence. It is well established that a state prisoner may not seek habeas relief on a claim of illegal search and seizure if he had a full and fair opportunity to raise the claim in the state courts and presentation of the claim was not thwarted by any failure of the state's corrective processes. See Stone v. Powell, 428 U.S. 465, 481-82 (1976). However, a liberal construction of Bradford's pro se petition, see Franklin v. Rose, 765 F.2d 82, 84-85 (6th Cir.1985) (per curiam), leads to the conclusion that this issue actually alleges an involuntary confession and is thus cognizable under Sec. 2254. Bradford's remaining claims are also cognizable on habeas corpus. Although the respondent denies them in his answer and there is some evidence in the record to support the respondent's position, the record that is presently before the court is insufficient upon which to base a thorough review of the merits of these claims. Rather, these issues are more properly addressed in the first instance by the district court should it reach the merits after the cause and prejudice determination.
 
 
 14
 Accordingly, the motion for counsel is denied. The judgment of the district court is hereby vacated and the case is remanded for further proceedings consistent with this opinion. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation