945 F.2d 406
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luther A. WOODFORK Petitioner-Appellant,
v.
Harry K. RUSSELL, Supt. Respondent-Appellee.
 No. 91-3131.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1991.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Luther A. Woodfork is a pro se Ohio prisoner who appeals the denial of a habeas petition that he had filed under 28 U.S.C. § 2254. The case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Woodfork was convicted of nine counts of possessing blank prescription forms and six counts of possessing forged prescription forms. Ohio Rev.Code Ann. §§ 2925.23(B)(1) and (B)(2). All of the counts regarding the possession of blank forms were merged for sentencing under Ohio's allied offenses rule. Ohio Rev.Code Ann. § 2941.25. However, Woodfork received one concurrent and five consecutive two-year sentences for possessing the forged prescriptions.
 
 
 3
 In his petition, Woodfork argued 1) that his trial counsel was ineffective because he did not object to the multiple sentences that Woodfork received for possessing the forged prescriptions, 2) that his counsel was ineffective because he did not seek a change of venue after the trial court tendered a plea bargain to Woodfork, 3) that his appellate counsel was ineffective because he did not raise an argument regarding multiple sentencing, and 4) that appellate counsel was ineffective because he did not file a brief with the Ohio Supreme Court. Woodfork subsequently amended his petition to retract his claims regarding counsel's performance on appeal.
 
 
 4
 On January 10, 1991, the district court adopted a magistrate's recommendation and denied the petition. The court found that the state courts' determination of legislative intent was binding with regard to Woodfork's argument that his trial counsel should have objected to multiple sentencing on double jeopardy grounds. The court also found that counsel had not been ineffective in failing to request a change of venue because there was no specific evidence that the trial judge was biased. It is from this judgment that Woodfork now appeals. His brief on appeal contains a request for counsel.
 
 
 5
 Woodfork has exhausted his two claims regarding ineffective assistance of counsel at trial because his failure to raise these issues on direct appeal precludes their consideration in a state post-conviction proceeding. See Keener v. Ridenour, 594 F.2d 581, 590 (6th Cir.1979). In light of this procedural bar, Woodfork's case must be remanded for examination of his claims under a cause and prejudice analysis. See Alcorn v. Smith, 781 F.2d 58, 59-60 (6th Cir.1986).
 
 
 6
 Accordingly, Woodfork's request for counsel is denied, the district court's judgment is vacated and the case is remanded for further proceedings pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.