983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tonya Tahron SNYDER, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 No. 92-1712.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1993.
 
 1
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Tonya Tahron Snyder, a pro se Michigan prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Snyder in April 1985 of felony murder and of breaking and entering. Michigan law mandated a sentence of life imprisonment without parole for the murder count; the court sentenced him to a concurrent term of 10-15 years for breaking and entering. On October 8, 1987, the Michigan Court of Appeals vacated Snyder's conviction for breaking and entering on double jeopardy grounds, but affirmed his conviction for murder. Snyder did not appeal this decision to the Michigan Supreme Court. His delayed application for a new trial was denied without opinion by the trial court in June 1989; leave to appeal was denied by both the Michigan Court of Appeals and the Michigan Supreme Court in standard form orders.
 
 
 4
 In his present petition, Snyder raises four grounds for relief: (1) trial counsel rendered ineffective assistance by his failure to investigate, call an alibi witness, and provide a proper defense; (2) the trial court impermissibly entered the jury room during deliberations without the defendant's presence or knowledge; (3) the trial court denied Snyder the right to confront and cross-examine a witness by ruling him incompetent; and (4) the prosecutor used perjured testimony.
 
 
 5
 A magistrate judge recommended that the petition be denied in a report filed March 27, 1992. He concluded that the grounds presented in Snyder's habeas petition were subject to the procedural default rule and that Snyder had not made the requisite showing of cause and prejudice. Snyder filed timely objections, but the district court adopted the magistrate judge's report and recommendation and denied the petition in an order filed April 28, 1992.
 
 
 6
 On appeal, Snyder continues to argue the merits of his claims. In addition, he contends that the district court relied on the erroneous information that he was also convicted of a firearm charge, and that he is entitled to a hearing on the issue of cause and prejudice. He requests the appointment of counsel and leave to proceed without prepayment of fees in his brief.
 
 
 7
 Upon review, we affirm the district court's order because Snyder has not shown that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 In addition, Snyder's arguments relating to the district court's consideration of his petition are meritless. The district court's opinion does not rely in any way upon the magistrate judge's erroneous statement that Snyder was convicted of a separate firearm charge. (He was, in fact, acquitted of this charge, but Snyder himself indicated that he was convicted in his petition.) Furthermore, the district court did not err in not holding an evidentiary hearing on the issue of cause and prejudice. Snyder's reliance upon this court's unpublished order in Bradford v. Wells, No. 91-1171 (6th Cir. July 25, 1991), is misplaced. Bradford's case was remanded for such a hearing because he raised a facially valid claim of ineffective assistance of appellate counsel as cause for his failure to raise his claims earlier, to which the district court failed to respond. See Alcorn v. Smith, 781 F.2d 58, 59-60 (6th Cir.1986). Snyder has raised no such valid claim. In fact, he offers no showing of cause whatsoever and so is not entitled to a separate hearing on this issue.
 
 
 9
 Accordingly, we grant Snyder pauper status for the purpose of this review only. His request for counsel is denied. The district court's order, filed April 28, 1992, is affirmed for the reasons set forth in the magistrate judge's report and recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation