45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Bobby MALLORY, Petitioner-Appellant,
v.
William OVERTON, Warden, Respondent-Appellee.
 No. 93-2490.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1994.
 
 Before: BROWN, RYAN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Bobby Mallory, a pro se Michigan prisoner, moves for counsel on appeal from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On May 4, 1978, following a jury trial, Mallory was convicted of first degree murder. Mallory was sentenced to life imprisonment. On December 28, 1984, the Michigan Supreme Court reversed Mallory's conviction, holding that certain evidence had been seized illegally and was improperly admitted at trial because the police had obtained evidence by exploiting an unlawful delay in arraignment. See People v. Mallory, 365 N.W.2d 673 (Mich.1984).
 
 
 3
 Mallory was retried in a bench trial and convicted of second degree murder. He was sentenced to 60 to 120 years in prison. The Michigan Court of Appeals affirmed the conviction on May 2, 1988. See People v. Lewis, 423 N.W.2d 637 (Mich.Ct.App.1988). The Michigan Supreme Court denied Mallory's application for leave to appeal. In January 1989, Mallory filed a petition for a writ of habeas corpus with the United States District Court. That petition was dismissed for failure to exhaust his state appellate remedies.
 
 
 4
 In April 1990, Mallory filed a motion for relief from judgment with the Michigan Recorder's Court, raising the same issues as in the current habeas petition. Mallory's motion was denied for failure to establish cause and prejudice for not raising these issues on direct appeal, as required by Michigan Court Rule 6.508(D)(3)(a) and (b). Both the Michigan Court of Appeals and the Michigan Supreme Court denied Mallory's applications for leave to appeal the decision.
 
 
 5
 In support of the present petition for a writ of habeas corpus, Mallory raised the following claims: 1) his conviction was obtained in violation of the law of the case; 2) identification testimony was shadowed by police misconduct, inconsistency and a possible sham of justice; 3) eyewitnesses' identification of defendant at the police lineup carries overtones of perjury; 4) he was denied the effective assistance of counsel; and 5) his arrest was obtained without probable cause.
 
 
 6
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied because Mallory procedurally defaulted on all of his claims in state court and failed to establish cause and prejudice to excuse his procedural default. Upon de novo review of the report and recommendation and Mallory's objections, the district court adopted the report and recommendation in an order and judgment entered October 28, 1993. This timely appeal followed.
 
 
 7
 Upon review, we affirm the district court's judgment denying Mallory's habeas petition because Mallory has failed to establish cause and prejudice to excuse his procedural default in the Michigan state courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). Mallory is procedurally barred from pursuing his federal habeas petition because the state invoked a procedural requirement. The general rule is that a federal court may not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 727-29 (1991). In such cases, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Id. at 749-50. A fundamental miscarriage of justice has been interpreted by the court to require a "colorable showing of factual innocence." McCleskey v. Zant, 499 U.S. 467, 494 (1991); Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). The federal habeas courts must look to the last explained state court decision to determine whether the state has, indeed, relied upon procedural default to decide the claim. Ylst v. Nunnemaker, 501 U.S. 797, 804-06 (1991); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir.1991) (per curiam).
 
 
 8
 The Michigan Recorder's Court declined to address Mallory's federal claims because Mallory failed to establish either cause or prejudice for his failure to raise the claims on direct appeal. See Michigan Court Rule 6.508(D)(3)(a) and (b). Because the state court declined to address Mallory's federal claims due to Mallory's failure to meet a state procedural requirement, he is barred from pursuing his federal habeas corpus petition unless he can show cause and prejudice, or manifest injustice.
 
 
 9
 Mallory alleged that ineffective assistance of appellate counsel was the reason for his failure to raise the issues in direct appeal. Ordinary attorney error does not constitute cause unless it amounts to ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Coleman, 501 U.S. at 753-54; Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 696; Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). Because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)).
 
 
 10
 Mallory has not established cause for his procedural default. Mallory's allegation of appellate attorney error is conclusory in nature. An unsupported allegation of ineffective assistance of counsel is not sufficient cause for a procedural default. McCleskey, 499 U.S. at 494; Alcorn v. Smith, 781 F.2d 58, 61 (6th Cir.1986). In any event, appellate counsel in this case did not render ineffective assistance when he failed to raise the present claims on direct appeal. There is no constitutional right to have every nonfrivolous issue raised on appeal, see Jones v. Barnes, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues on appeal "are properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). Accordingly, Mallory has not established cause for his default and this court is barred from considering the merits of his habeas petition.
 
 
 11
 Finally, "[i]f a petitioner presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent, the cause and prejudice requirement may be overlooked and habeas relief granted." Rust v. Zent, 17 F.3d 155, 162 (6th Cir.1994). The record belies Mallory's innocence.
 
 
 12
 For the foregoing reasons, the motion for counsel is denied, and the district court judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.