RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0371p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MARCUS MIDDLEBROOK,

           _Petitioner-Appellant,_

    _v._

ROBERT NAPEL, Warden,

           _Respondent-Appellee._

No. 10-2172

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:07-cv-1242—Paul Lewis Maloney, Chief District Judge.

Argued: June 7, 2012

Decided and Filed:  October 25, 2012

Before:  BATCHELDER, Chief Judge, KEITH and DONALD, Circuit Judges.

_____

## COUNSEL

_____

**ARGUED:** Christopher M. Bruno, WINSTON & STRAWN LLP, Washington, D.C., for Appellant.  Bruce H. Edwards, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.  **ON BRIEF:** Christopher M. Bruno, Gene C. Schaerr, WINSTON & STRAWN LLP, Washington, D.C., Stephanie B. Sebor, WINSTON & STRAWN LLP, Chicago, Illinois, for Appellant.  Bruce H. Edwards, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

_____

## OPINION

_____

BERNICE B. DONALD, Circuit Judge.  Marcus Middlebrook appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  On April 23, 2004, a jury convicted Middlebrook of assault with intent to murder, felony firearm possession, and unlawful driving away of a motor vehicle.  Middlebrook argues that

clearly established federal law entitles him to a new trial because he was denied a fair trial when the  jury was exposed to extraneous influences and engaged in premature deliberations.  The Michigan Court of Appeals determined that there were no extraneous influences on the jury and Michigan Supreme Court denied his application for leave to appeal.  Middlebrook then filed his petition for a writ of habeas corpus in the District Court for the Western District of Michigan.  The district court denied the petition without addressing the issue of premature deliberations.  Because this claim is without merit and for the reasons stated below, we **AFFIRM** the district court's denial of Middlebrook's habeas corpus petition.

**I.**

On May 3, 2003, Nicole Bell drove to pick up Marcus Middlebrook, with whom she had a relationship for several months.  Bell drove Middlebrook to the home of one of his friends.  After she parked the car, Middlebrook shot her in the face, dragged her out of the car, and ordered her to walk into the nearby river.  Bell remained in the river until she saw Middlebrook walk away and heard the car pull off. She then dialed 911 and, when help arrived, was taken to the hospital.

In April 2004, following a trial in the 30th Circuit Court for Ingham County, Michigan, a jury convicted Middlebrook of three offenses for his attack against Bell and he was sentenced to terms of imprisonment as follows: 30-60 years for assault with intent to commit murder; a consecutive term of 2 years for felony-firearm possession; and a concurrent term of 40-60 months for unlawful driving away of a motor vehicle. On appeal, the Michigan Court of Appeals affirmed his conviction.  Middlebrook then filed an application for leave to appeal to the Michigan Supreme Court, but it was denied.

Next, Middlebrook  filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Western District of Michigan.  The petition raised four issues, including the contention that Middlebrook was denied his right to a fair trial when the jurors discussed certain testimony and shared outside information about him during trial.

The matter was referred to a Magistrate Judge, who recommended denying the petition because the decision by the Michigan Court of Appeals was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. The district court adopted the Magistrate Judge's Report and Recommendation denying the habeas petition and a certificate of appealability. Middlebrook filed a notice of appeal with this court. His certificate of appealability was granted March 1, 2011.

## II.

"In appeals of federal habeas corpus proceedings, we review the district court's legal conclusions *de novo* and its factual findings under a 'clearly erroneous' standard." *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). Because Middlebrook's petition was filed after April 24, 1996, our review of the decisions of the state trial and appellate courts is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). Under AEDPA:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A state court unreasonably applies clearly established federal law if it

"identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."

*Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Although under AEDPA federal courts give deference to state court decisions regarding claims adjudicated on the merits, a modified version of AEDPA deference applies "where the state court adjudicate[s] the claim . . . with little analysis on the substantive constitutional issue." *Vasquez v. Jones*, 496 F.3d 564, 569-70 (6th Cir. 2007). In *Maldonado v. Wilson*, the court found that a modified form of AEDPA deference was applicable because the state court's opinion applied only state law and made no mention of the federal law surrounding petitioner's constitutional claims. 416 F.3d 470, 475 (6th Cir. 2005). Similarly, Middlebrook framed his argument as a violation of his constitutional right to a fair trial, but the analysis offered by the Michigan Court of Appeals applied Michigan state law without addressing the applicable federal law. Modified AEDPA deference is therefore applicable in this case. "Under this standard, the court conducts a 'careful' and 'independent' review of the record and applicable law, but it cannot reverse 'unless the state court's decision is contrary to or an unreasonable application of federal law.'" *Vasquez*, 496 F.3d at 570 (quoting *Maldonado*, 416 F.3d at 476).

**A. Extraneous Influences on the Jury**

Middlebrook claims that his Sixth Amendment and Fourteenth Amendment rights were violated because the jurors were exposed to extraneous influences. He contends that this violation denied him the right to an impartial jury. Middlebrook further argues that he was entitled to a mistrial or at least a proper hearing to determine the impact of the extraneous influences on the jurors. Middlebrook relies on *Smith v. Phillips*, 455 U.S. 209 (1982), and *Remmer v. United States*, 347 U.S. 227 (1954), to support his arguments. But neither does.

In *Smith v. Phillips,* a defendant convicted of murder moved to vacate his sentence after the prosecuting attorney, upon completion of the trial, informed defense counsel and the court that during trial a juror submitted an application for employment as an investigator in the District Attorney's Office. 455 U.S. at 212. The district court granted the defendant habeas relief and ordered him released unless the State court granted him a new trial. *Id.* at 214. The United States Court of Appeals, without considering whether or not the juror was actually prejudiced, affirmed the district court's holding. *Id.* The Supreme Court reversed this decision, holding that "due process does not require a new trial every time a juror has been placed in a potentially compromising situation." *Id.* at 217. The Supreme Court further noted that "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Id.* at 215.

The Court in *Remmer v. United States* was faced with a case where the petitioner did not find out until the conclusion of the trial that the jury foreman had been approached and told that he could profit by rendering a verdict favorable to the petitioner. 347 U.S. at 228. The petitioner moved for a new trial arguing that he was denied the opportunity to request a hearing to determine the circumstances surrounding the incident. *Id.* at 228-29. The court of appeals affirmed the district court's denial of the motion. *Id.* at 229. The Supreme Court vacated and remanded the judgment with instructions to hold a hearing to determine whether the incident was harmful to the petitioner. *Id.* at 230.

In this case, James Logan, juror number 7, presented the trial court with a letter stating that he believed the jurors were engaging in talks that may have been contrary to the court's instructions to not discuss the case with anyone, including associate jurors, prior to deliberations. Upon receiving the letter, the trial court judge questioned James Logan, the juror accused of engaging in the inappropriate discussions, and one other juror. During the individual interviews, James Logan stated that the "colored" juror told other jurors that her family told her to "watch her back" and that the defendant had "quite a family." The other two jurors denied discussing any portions of the case with

anyone, including family members.  The allegedly problematic juror stated that any comments her family made were in jest and related to her jury duty generally, not to the case.  The trial court  offered defense counsel the opportunity to question the entire panel, but defense counsel declined.  The court, along with the parties, agreed that Logan was the actual problematic juror and dismissed him from the jury.  The court then determined that its investigation of the matter was sufficient.

Sixth Circuit precedent places the burden on the defendant to show actual bias where there are claims of juror bias.  *See  Phillips v. Bradshaw*, 607 F.3d 199, 223 (6th Cir. 2010)*;  United States v. Zelinka*, 862 F.2d 92, 95 (6th Cir. 1988).  Here, all parties were satisfied with the trial court's questioning of the three jurors on the extraneous influences allegation.  Under Supreme Court precedent, the trial court is not required to interview every juror.  Rather, it must "determine the circumstances, the impact thereof upon the juror, and whether or not [they were] prejudicial." *Remmer*, 347 U.S. at 230.  This is exactly what the trial court did by questioning the complaining juror and the juror accused of engaging in the inappropriate discussions.  Middlebrook argues that the hearing was insufficient.  However, he was given the opportunity to question other jurors but decided it was unnecessary.  He cannot now assert his request for a "proper" *Remmer* hearing when he stated that he was satisfied with the trial court's course of action.  Furthermore, Middlebrook has not demonstrated any actual bias.  His constitutional claims are therefore without merit.  "Due process means a jury capable and willing to decide the case solely on only the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith*,455 U.S. at 217.  Middelbrook's due process rights were not violated, and he received a fair trial by an impartial jury.

Based upon the applicable federal law, it is clear that the trial court conducted the necessary inquiry into the allegation of extraneous influences on the jury.  This conclusion is in accordance with the holding of the Michigan Court of Appeals.  For this reason, we find that the state court's conclusion is not contrary to or an unreasonable application of federal law.

**B. Premature Deliberations**

Middlebrook argues, in the alternative, that the alleged inappropriate discussions should be characterized as prejudicial premature deliberations that violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to Due Process. In support of this argument, Middlebrook cites several cases from other circuits. However, as provided by AEDPA, clearly established law pertains only to Supreme Court cases. The Supreme Court has not entertained a case involving premature deliberations, and this is not a case where the state court unreasonably refused to extend a legal principle to a new context in which it should apply. *See Tolbert v. Trombley*, 424 F. App'x. 419, 421-22 (6th Cir. 2011). Middlebrook's claim therefore lacks merit.

## IV. CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court's denial of Middlebrook's habeas petition.