**Stanley JONES, Petitioner–Appellant,**

**v.**

**Jeffrey WOODS, Warden, Respondent–Appellee.**

**No. 15–1031.**

United States Court of Appeals, Sixth Circuit.

Dec. 22, 2015.

Before: GUY, CLAY, and DONALD, Circuit Judges.

### ORDER

Stanley Jones, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his 28 U.S.C. § 2254 petition. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A Michigan jury convicted Jones of possession of a firearm during the commission of a felony (felony-firearm) and possession of a firearm by a felon (felon-in-possession). He was sentenced to five years of imprisonment on the felony-firearm charge and six to twenty years on the felon-in-possession charge, to be served consecutively.

Through counsel, Jones argued on appeal that his trial counsel was ineffective for failing to request a self-defense jury instruction regarding the felon-in-possession charge. He also moved to remand the case to the trial court for an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973), regarding the ineffective-assistance-of-counsel issue. *See* Mich. Ct. R. 7.211(C)(1). The Michigan Court of Appeals granted Jones' motion and ordered a limited remand of the case for a *Ginther* hearing.

On remand, the trial court determined that Jones had received ineffective assistance of counsel. However, the Michigan Court of Appeals, which retained jurisdiction of the case throughout the remand, determined that counsel's failure to request the self-defense jury instruction did not constitute ineffective assistance of counsel, and therefore vacated the trial court's order and affirmed. *People v. Jones*, No. 297690, 2012 WL 164246 (Mich. Ct.App. Jan. 19, 2012). The Michigan Supreme Court denied Jones leave to appeal. *People v. Jones*, 493 Mich. 865, 820 N.W.2d 917 (2012).

In 2012, Jones filed this § 2254 petition, again arguing that his trial counsel was ineffective for failing to request a self-defense jury instruction. The district court denied the petition but granted Jones a certificate of appealability (COA). In this timely appeal, Jones argues that the district court erred in determining that the Michigan Court of Appeals reasonably concluded that he had not shown that trial counsel provided ineffective assistance.

In an appeal of a district court's denial of a § 2254 petition, we review legal conclusions and mixed questions of law and fact *de novo* and factual findings for clear error. *See Middlebrook v. Napel*, 698 F.3d 906, 908 (6th Cir.2012). Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not grant habeas relief for any claim that was adjudicated on the merits in the state courts unless the decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Michigan Court of Appeals summarized the facts of the case as follows:

This case arises out of the fatal shooting of [defendant's] neighbor, Marcus Perry. In March 2009, defendant saw Perry hit defendant's ex-girlfriend, Shantle Hayden, while Perry and Hayden were arguing in front of defendant's house. When Perry realized that defendant had observed the incident, Perry "flashed his gun" at defendant. Defendant did not confront Perry or call the police. Approximately three weeks later, on April 2, 2009, Perry and Hayden were again arguing and shouting in the street while defendant was in his driveway cleaning his car. According to defendant's statement to the police, he went inside his house and retrieved a gun because Perry was armed with a gun. Defendant placed the gun in his waistband, returned outside, and continued cleaning his car. Although the evidence differs regarding who fired the first shot, it is undisputed that defendant and Perry

thereafter engaged in a gunfight, during which defendant shot Perry in the chest, killing him. After the shooting, defendant fled in his car. He turned himself in to the police on April 21, 2009, and told the police that the gun was in the trunk of his car, parked at the Motor City Casino. The police recovered the gun from defendant's car at the casino. *Jones,* 2012 WL 164246, at *1.

On direct appeal, Jones argued that he was entitled to a self-defense instruction under *People v. Dupree,* 284 Mich.App. 89, 771 N.W.2d 470 (2009) (*Dupree I*), aff'd, 486 Mich. 693, 788 N.W.2d 399 (2010) (*Dupree II*), and Michigan's Self Defense Act (SDA), Michigan Compiled Laws §§ 780.971–74. In *Dupree I,* decided before Jones' trial, the Michigan Court of Appeals determined that a defendant could assert self-defense as a defense to felon-in-possession if he submitted evidence from which a jury could conclude all of the following circumstances existed:

(1) The defendant or another person was under an unlawful and immediate threat that was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm, and the threat actually caused a fear of death or serious bodily harm in the mind of the defendant at the time of the possession of the firearm.

(2) The defendant did not recklessly or negligently place himself or herself in a situation where he or she would be forced to engage in criminal conduct.

(3) The defendant had no reasonable legal alternative to taking possession, that is, a chance to both refuse to take possession and also to avoid the threatened harm.

(4) The defendant took possession to avoid the threatened harm, that is, there was a direct causal relationship between the defendant's criminal action and the avoidance of the threatened harm.

(5) The defendant terminated his or her possession at the earliest possible opportunity once the danger had passed.

*Dupree I,* 771 N.W.2d at 482. In *Dupree I,* the court noted that the purpose behind these rules is to ensure that those most likely to misuse firearms did not retain ready possession of them and that this purpose would be undermined if former felons were entitled to arm themselves in response to a "generalized fear of being attacked." *Id.* at 481. In *Dupree II,* which the Michigan Supreme Court decided on July 23, 2010, after Jones' trial had concluded, the court held that a defendant could raise the common-law affirmative defense of self-defense to a felon-in-possession charge if there was sufficient evidence to support the defense. 788 N.W.2d at 401, 405–07. Additionally, the SDA states, in relevant part:

(1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual....

Mich. Comp. Laws § 780.972.

The Michigan Court of Appeals determined that Jones could not prove self-defense because he had told police the following: After he saw Perry and Hayden arguing in front of Perry's house and saw that Perry had a gun, he told Hayden to "leave Perry alone and go home." *Jones,* 2012 WL 164246, at *3. He then went into his own house and retrieved his gun "be-

cause he did not like the situation and thought Perry might 'go crazy.'" After retrieving his gun, Jones went back outside. *Id.* Jones admitted that Perry had not threatened him or said anything to him that day, but said that he did not know what Perry would do because he had a gun and was arguing with Hayden. *Id.* He said that when he went back outside, Perry had gone inside his house and Hayden argued with Perry's aunt and then left. *Id.* He said that as he went to get a towel to wipe down his car, he heard gunshots. *Id.*

As a result, based on Jones' own version of the offense, the appellate court determined that Jones had not possessed the firearm in response to an imminent threat of death or serious bodily harm and instead possessed the gun because he did not know what would happen while Perry and Hayden fought. *Id.* at *4. The appellate court concluded that because Jones was not entitled to request the instruction, his counsel did not render ineffective assistance by failing to request it. *Id.*

The district court agreed with the appellate court's analysis of the claim, determining that the record did not support a finding that Jones attempted to protect Hayden. The district court also determined that Jones' claim that the appellate court misinterpreted or misapplied *Dupree I* and the SDA was not a basis for habeas relief because federal habeas courts were bound by a state court's interpretation of state law, including an interpretation made on direct appeal of the conviction being challenged. *See Davis v. Straub,* 430 F.3d 281, 291 (6th Cir.2005). Additionally, the district court determined that Jones' trial counsel could not be deemed ineffective for failing to anticipate the broadening of the self-defense requirements in *Dupree II,* which was issued after Jones' trial had concluded. *See Alcorn v. Smith,* 781 F.2d

58, 62 (6th Cir.1986). The district court concluded that, under the applicable law at the time of the trial and under the facts of the case, self-defense was not a viable defense, and Jones' counsel was not required to make a futile argument. Accordingly, the district court determined that the state court's denial of Jones' ineffective-assistance-of-counsel claim was not unreasonable.

On appeal, Jones argues that the state court's decision was unreasonable because he was entitled to raise a self-defense defense. He contends that he and Hayden were in imminent danger during the incident because Perry was waving a gun around and that the evidence could be interpreted to establish that he attempted to protect Hayden as well as himself. Jones asserts that Detroit Police Officer Deonne Dotson testified that Asya Collins, the victim's girlfriend, told him immediately after the incident that Perry had been pointing a gun at Hayden and had threatened her with it. Additionally, although he concedes that he told police that "Hayden knew that [he] was not going to protect her," he asserts that his actions spoke differently because he also tried to get her to leave the scene of the incident. He argues that a note that the jury wrote to the trial judge indicated that the jury thought that he was merely defending himself and Hayden.

To establish ineffective assistance of counsel, the defendant must show both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at

689, 104 S.Ct. 2052 (internal quotation marks omitted). The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Where, as here, 28 U.S.C. "§ 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *See Harrington v. Richter,* 562 U.S. 86, 105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

Jones has not demonstrated that the Michigan Court of Appeals' decision was unreasonable. We are bound by the Michigan Court of Appeals' determination that Jones was not entitled to a self-defense jury instruction under state law. *See Davis,* 430 F.3d at 291. Although Jones contends that the courts did not consider Collins' testimony that Perry was waving a gun in Hayden's face, he does not dispute the Michigan Court of Appeals' determination that, when he saw Perry's gun, he went into his house, got a gun, and returned outside. Nor does he dispute that when he returned outside after obtaining the gun, Perry had gone inside his house and Hayden eventually walked away. *See* 28 U.S.C. § 2254(e)(1) (stating that, in a federal habeas proceeding, a state court's determination of a factual issue is presumed correct unless the petitioner rebuts the presumption by clear and convincing evidence). Under *Dupree I,* which was the controlling law at the time of his trial, he could raise the defense of self-defense only if, inter alia, he showed that he took possession of the firearm to avoid the threatened harm. *Dupree I,* 771 N.W.2d at 482. Because (1) Jones left the scene of the offense to obtain the gun, (2) Hayden was no longer with Perry by the time that Jones returned with the gun, and (3) Jones continued to possess the gun while he

cleaned his car until the incident occurred, he has not established that the appellate court unreasonably determined that trial counsel was not ineffective for failing to request a self-defense jury instruction. *See Alcorn,* 781 F.2d at 62.

In light of the foregoing, the district court's judgment is **AFFIRMED.**