George Ross O. BORRETT a/k/a Ross O. Borrett, Appellant,

v.

FRANK INVESTMENT COMPANY, a corporation, Appellee.

No. 6246.

Court of Civil Appeals of Texas, El Paso.

July 5, 1972.

Lloyd M. Borrett, Philip T. Cole, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, James L. Gallagher, El Paso, for appellee.

OPINION

RAMSEY, Chief Justice.

This is a suit on a promissory note. Frank Investment Company, Plaintiff-Ap-

pellee, brought suit against George Ross O. Borrett, Defendant-Appellant, to recover on a promissory note. Trial was before the Court and judgment was entered for Plaintiff in the sum of $3,766.36, principal and interest, together with $564.95 attorney's fees. We affirm.

Plaintiff had operated a concern selling building supplies. Defendant was the majority stockholder, President and Director of Zuni, Inc., and, together with immediate members of his family, the owner of 95% of the stock. Zuni, Inc. had an unpaid delinquent balance on an open account with Plaintiff in the amount of $3,099.34. In an effort to effect collection of the amount, Defendant executed and Plaintiff accepted a promissory note in the amount of the account payable $100.00 per month. The note was signed "George Ross O. Borrett, Maker." The note was accompanied by a letter signed by the Defendant individually, and not in any corporate capacity, stating: "This letter will confirm and acknowledge the execution by myself of a promissory note dated August 22, 1967, in the original principal amount of $3,099.34. . . . . It is further expressly understood and agreed that this note will be renewed at six month intervals should you so elect to to have this note renewed, and I hereby agree to execute any such notes in renewal or extension of this obligation at six month intervals should you so desire." Thereafter, the Defendant made two monthly payments but no payment was made by Zuni, Inc. Defendant does not deny the execution of the note individually, he only denies personal liability due to lack of consideration.

The trial Court filed findings of fact and conclusions of law, conclusion number three being that the Defendant received a valuable consideration for the execution of the note in that he protected his interest in the assets of Zuni, Inc. and obtained an extension of time and more liberal method of payment of the obligation. Three of Defendant's four points of error complain that such conclusion was erroneous in that there was no evidence or insufficient evidence of any consideration and that as a matter of law there was no consideration.

The indebtedness of Zuni, Inc. to the Plaintiff at the time of the execution of the note is not challenged and is admitted. Payment was due on purchases on the tenth day of the month following the purchase. The ledger sheet introduced in evidence showed the last items debited or credited to the account of Zuni, Inc. to have been in September, 1966. Obviously, the account was past-due. The note was executed on August 22, 1967, permitting payment under the terms of the note at $100.00 per month.

Defendant in his brief admits that if there is a novation whereby the debt of the corporation is extinguished then there would have been consideration for the execution of the note. Defendant relies on Witt et al. v. Wilson, 160 S.W. 309 (Tex.Civ.App. n. w. h.) and Gauss-Langenberg Hat Co. v. Alley, 154 S.W. 1062 (Tex. Civ.App. n. w. h.). Consistent with Defendant's contentions is the holding in Peter et al. v. First Nat. Bank of La Grange, 92 S.W.2d 1079 (n. w. h). Under the above case decisions, novation constitutes a sufficient consideration for the imposition of personal liability on an officer or stockholder. Other considerations have likewise been held to be sufficient. The Plaintiff testified and the note provides an extended time for payment of the indebtedness and grants more liberal terms for its discharge. Such has been held to suffice as consideration. Black v. Frank Paxton Lumber Company, 405 S.W.2d 412 (Tex.Civ.App. ref. n. r. e.). As for the Defendant, having executed the note individually rather than in his corporate officer capacity, the decisions in this State support the trial Court's conclusion and judgment. By the execution of the note, the Defendant lends his name to the corporation and derives a benefit and consideration. Black v. Frank Paxton Lumber Company, supra; Wortham v. Lake Jackson State Bank, 435 S.W.2d 612 (Tex.Civ.App., ref. n. r. e.); 14 Tex.Jur.

2d, Sec. 366, p. 469. We therefore overrule Defendant's first three points of error.

Point of error number four complains of interest and attorney's fees included in the judgment solely on the basis that such is dependent on the Defendant's liability on the note. No complaint is made as to the amount. Having determined Defendant's liability dispenses with the necessity of further consideration of this point and it is overruled.

We affirm the judgment of the trial Court.