William James RUMMEL,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Respondent-Appellee.

No. 76–2946.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1979.

Rehearing Denied March 9, 1979.

**104**

William James Rummel, pro se.

Scott J. Atlas, Houston, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Joe B. Dibrell, Gilbert J. Pena, Douglas Becker, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Keith W. Burris, Asst. Crim. Dist. Atty., San Antonio, Tex., for Crim. Dist. Atty. of Bexar County, Texas.

Michael C. Kuhn, Asst. Dist. Atty., Houston, Tex., for Dist. Atty. of Harris County Texas.

Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Tex., for Henry M. Wade, Crim. Dist. Atty.

Before THORNBERRY, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

This court en banc has disposed of petitioner's assertion that his sentence violated the eighth amendment. The responsibility for determining Rummel's second contention that he was denied effective assistance of counsel for his defense has been remanded to the panel. 587 F.2d 651 at 662.

Two attorneys represented Rummel in connection with the state charges. The first was appointed approximately one month prior to the trial, and the second, whose effectiveness is not challenged, was appointed on the date of the trial to assist the first. Rummel asserts that his first appointed attorney failed to conduct an independent pre-trial investigation into the factual basis of the state's charges and neglected to seek out and interview witnesses whose testimony the petitioner had informed him would buttress his defense. These allegations are not contradicted in the record, and it cannot be said that, assuming they are true, the petitioner is entitled to no relief as a matter of law.

A criminal defendant has the right to be represented by counsel "reasonably likely to render and rendering reasonably effective assistance." *Herring v. Estelle*, 491 F.2d 125, 127 (5th Cir. 1974), *quoting Mackenna v. Ellis*, 280 F.2d 592, 599 (5th Cir.), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1960). Since "investigation and preparation are the keys to effective representation," ABA Projects on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function 224 (App. Draft 1971), court-appointed counsel have a duty to interview potential witnesses and "make an independent examination of the facts, circumstances, pleadings and laws involved." *Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309, 319 (1948). *See Pennington v. Beto*, 437 F.2d 1281 (5th Cir. 1971); *United States v. Decoster*, 159 U.S. App.D.C. 326, 333, 487 F.2d 1197, 1204 (1973), *appeal after remand* (1976), *opinion vacated and rehearing en banc granted* (1977); *McQueen v. Swenson*, 498

F.2d 207, 217 (8th Cir. 1974). Rummel's allegations are sufficient to raise the issue whether his attorneys discharged this responsibility. The fact that they performed other tasks required of them—such as interviewing their client and cross-examining witnesses for the prosecution—obviously is not dispositive. Nor is the fact that Rummel knew only where the potential witnesses worked, rather than their names, and failed to conduct his own investigation while free on bail before his attorneys were appointed, necessarily fatal to his plea for habeas corpus relief.

As we noted in *King v. Beto*, 429 F.2d 221, 222, n. 1 (5th Cir. 1965), *cert. denied*, 401 U.S. 936, 91 S.Ct. 921, 28 L.Ed.2d 216 (1971), "each case involving the constitutional issue of effectiveness of counsel depends on the facts—the specific conduct of the parties involved." Here the factual development necessary for a just determination of the merits of Rummel's petition is lacking. An examination of the record indicates that, among others, the question whether Rummel's counsel conducted a pre-trial investigation has never been answered. Under these circumstances, the denial of his request for a hearing was erroneous. Since Rummel's petition is legally sufficient and raises issues of material fact that have not been resolved after a full hearing by the Texas court trier of fact, a federal evidentiary hearing is required. *Townsend v. Sain*, 372 U.S. 293, 312–313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). We expressly note that this opinion is not intended to predict the outcome of such a hearing. The portion of the district court's opinion denying relief on the claim of ineffective assistance of counsel is vacated and the cause is remanded with directions to accord petitioner a hearing on this issue.

VACATED IN PART AND REMANDED.