A. B. HAMIL, Appellant,

v.

WHITLOW STEEL COMPANY, INC., Appellee.

No. B2293.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1980.

**294**

Jeffery A. Lehmann, Houston, for appellant.

J. Graham Hill, Hill & Parker, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

COULSON, Justice.

This is a suit on a promissory note executed by Union Marketing Consultants, Inc., appellant, A. B. Hamil (Hamil), and others, payable to the order of appellee, Whitlow Steel Company, Inc. (Whitlow Steel). When the note was not paid, Whitlow Steel sued the makers. Hamil's answer claimed a lack of consideration for his execution of the note and fraud in the inducement of his execution. After a trial to the court judgment was entered that Whitlow Steel recover on the note from all the makers, jointly and severally. Only Hamil has appealed. We affirm.

Appellant Hamil was one of the major stockholders in Union Marketing Consultants, Inc. Whitlow Steel loaned Union Marketing $50,000.00 as evidenced by the promissory note which is the subject of this suit. Hamil's principal complaint on appeal is that the trial court's finding of consideration to support the promissory note is erroneous.

■ The promissory note was introduced into evidence without objection. Such production of the instrument entitles a holder to recover unless the defendant establishes a defense. Tex.Bus. & Com.Code Ann. § 3.307(b) (Vernon 1968). A holder is defined as ". . . a person who is in possession of . . . an instrument . . . drawn, issued or indorsed to him or to his order . . .." Tex.Bus. & Com.Code Ann. § 1.201(20) (Vernon 1968). An organization is included within the definition of person. Tex.Bus. & Com.Code Ann. § 1.201(30) (Vernon 1968). Therefore, Whitlow Steel was entitled to recover on the note unless appellant established a defense.

■ Appellant pled a lack of consideration for his execution of the note. The burden of proof on the issue of lack of consideration rests with the maker of the note. *Lewis v. ADA Employees Credit Union*, 383 S.W.2d 864, 865 (Tex.Civ.App.-Houston 1964, writ ref'd n. r. e.). The trial court found that there was consideration for the execution of the note. We agree. Hamil was a stockholder in Union Marketing Consultants, Inc. When he executed the note in question, he protected his interest in the corporation and obtained a three month period during which the corporation could try to establish its financial vitality. Hamil benefited by the corporation's continued life. *Texas Export Development Corporation v. Schleder*, 519 S.W.2d 134 (Tex.Civ.App.-Dallas 1974, no writ); *Borrett v. Frank Investment Company*, 483 S.W.2d 376 (Tex.Civ.App.-El Paso 1972, no writ).

■ The admission into evidence of certain records of Union Marketing over the hearsay objections of Hamil is asserted as error. The exhibits were merely cumulative of oral testimony and the note itself. The admission of the records, if erroneous, did not harm appellant. Thus, the admission was not calculated to and did not cause the rendition of an improper judgment. Tex.R.Civ.P. 434.

The note was introduced into evidence. Appellant did not establish the defense of lack of consideration. Therefore, appellee is entitled to recover on the note.

All of appellant's points of error have been considered and are overruled.

Affirmed.