ORIGINAL

Cause No. **O 76-15**

IN THE

TEXAS COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 15 2015

Abel Acosta, Clerk

Trial No. CR-13-214
APPEAL No. 06-14-00063-CR

| | | |
|---|---|---|
| JAMES EARL PILAND<br>Petitioner | § | IN THE 4TH |
| | § | |
| v. | § | JUDICIAL DISTRICT COURT |
| | § | |
| THE STATE OF TEXAS<br>Respondent | § | OF RUSK COUNTY, TEXAS |
| | § | |

FILED IN
COURT OF CRIMINAL APPEALS

MAY 15 2015

Abel Acosta, Clerk

## PETITION FOR DISCRETIONARY REVIEW

NO ORAL ARGUMENT IS REQUESTED

James Earl Piland, TDCJ-CID #1919190
Alfred Stringfellow Unit
1200 F.M. 655
Rosharon, Texas 77583

## IDENTITY OF PARTIES

**TRIAL JUDGE PRESIDING**

The Honorable Judge Gossett

Courthouse, 115 Main St., Room 303

Henderson, Texas 75652

Tele. (903)657-0358

**APPELLATE JUSTICES**

The Honorable Justice Carter

The Honorable Justice Moseley

Chief Justice C.J. Moriss

Sixth Court of Appeals

## PETITIONER

**TRIAL DEFENSE ATTORNEY**

Allison Biggs, Atty-at-law

300 W. Main st.

Henderson, Texas 75652

Tele. (903)657-8195

**DIRECT APPEAL ATTORNEY**

T.W. Davidson, Atty-at-law

329 S. Fannin Avenue

Tyler, Texas 75702

Tele. (903)535-9600

## RESPONDENT

**PROSECUTOR AND APPELLATE COUNSEL**

Richard Kennedy, Atty-at-law

Zack Wavrusa, Atty-at-law

115 N. Main st., Room 302

Henderson, Texas 75652-3147

Tele. (903)657-2265

IDENTITY OF PARTIES................................ i

TABLE OF CONTENTS................................. ii

INDEX OF AUTHORITIES............................. iii-iv

I. STATEMENT OF THE CASE......................... 1-3

II. STATEMENT OF PROCEDURAL HISTORY............... 3

III. GROUNDS FOR REVIEW........................... 3-4

    1. LEGAL AND FACTUAL INSUFFICIENCY OF EVIDENCE. 4

    2. VOID INDICTMENT.............................. 4

    3. JUDICIAL MISCONDUCT.......................... 4

    4. INEFFECTIVE ASSISTANCE OF COUNSEL........... 4

    5. PROSECUTORIAL MISCONDUCT..................... 4

IV. ARGUMENT AND AUTHORITIES...................... 4-10

    PRAYER FOR RELIEF............................... 10-11

    VERIFICATION................................... 11

    CERTIFICATE OF SERVICE......................... 11,12

APPENDIX A

Opinion of the Sixth Court of Appeals at Texarkana

SOUTHWESTERN REPORTER

Jiminez v. State, 953 S.W.2d 293 (Tx.App.-Austin 1997)...... 7

Jones v. State, 984 S.W.2d 254 (Tx.Cr.App. 1998)............ 7

Lofton v. State, 6 S.W.3d 796 (Tx.Cr.App. 2001)............. 7,9

Lofton v. State, 45 S.W.3d 649 (Tx.Cr.App. 2001)........... 7

Nethery v. State, 692 S.W.2d 686 (Tx.Cr.App. 1985).......... 7

Ortiz v. Jones, 917 S.W.2d 770 (Tx.Cr.App. 1996)............ 6

Reed v. State, 703 S.W.2d 380 (Tx.Cr.App. 1986)............. 7

Smith v. State, 676 S.W.2d 584 (Tx.Cr.App. 1984)........... 7

Thompson v. State, 697 S.W.2d 413 (Tx.Cr.App. 1985)........ 5

Whitehead v. State, 745 S.W.2d 374 (Tx.Cr.App. 1982)....... 5

## INDEX OF AUTHORITIES          PAGE #

### FEDERAL STATUTES

Rules of Criminal Procedure's, Rule 60(b)................... 4
28 U.S.C. § 1746.......................................... 11

### SUPREME COURT REPORTER

Galvan v. Press, 74 S.Ct. 737 (1954).................... 9
Galvan v. Press, 75 S.Ct. 17 (1954).................... 9
Hughes v. Rowe, 101 S.Ct. 173 (1988)................... 4
Johnson v. Lamb, 120 S.Ct. 522 (1999).................. 9
Rompilla v. Beard, 125 S.Ct. 2456 (2005)............... 9
Snyder v. Commonwealth of Mass., 54 S.Ct. 330 (1934).......... 7
Strickland v. Washington, 104 S.Ct. 2052 (1984)............... 8,9

### FEDERAL REPORTER

Johnson v. Lamb, 179 F.3d 352 ( __ Cir 1999)................. 9
Rommel v. Estelle, 590 F.2d 103 (5th Cir 1979)............... 9
Wiggins v. Procunier, 753 F.2d 1315 (5th Cir 1985)............ 4

### TEXAS STATUTES

Texas Code of Criminal Procedures, Rule 38.23(a).............. 6,8,10
Texas Penal Code § 9.31(c)(1)(2)............................ 5,8,10
Texas Penal Code § 22.01(a)................................ 10
Texas Penal Code § 22.01(b)(1)............................. 3
Texas Penal Code § 38.03(a)................................ 7,9,10
Texas Rules of Appellate Procedure, Rule 66.3............... 10
Texas Rules of Appellate Procedure, Rule 68.1.............. 1

### SOUTHWESTERN REPORTER

Bignall v. State, 887 S.W.2d 21 (Tx.Cr.App. 1984)............ 7
Dinkins v. State, 894 S.W.2d 330 (Tx.Cr.App. 1995)........... 5
Emery v. State, 881 S.W.2d 21 (Tx.Cr.App. 1994)............. 6
Ex Parte Harris, 596 S.W.2d 293 (Tx.Cr.App. 1980)........... 8

Cause No. _____

## IN THE
## TEXAS COURT OF CRIMINAL APPEALS

TRIAL No. CR-13-214

| | | |
|---|---|---|
| JAMES EARL PILAND Petitioner | § § | IN THE 4th |
| vs. | § | JUDICIAL DISTRICT COURT |
| THE STATE OF TEXAS Respondent | § § | OF RUSK COUNTY, TEXAS |

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW, James Earl Piland, Petitioner, pro-se in the above styled and numbered cause, and respectfully files this Petitioner's Petition For Discretionary Review pursuant to Rule 68.1, T.R.A.P.. The Petitioner would show the Honorable Court the following:

## I. STATEMENT OF THE CASE

On the evening of 21 April, 2003, the Petitioner and his wife discovered that their son and his friend had been stealing money from them out of their bedroom. so to curtail any further thefts, the Petitioner woke his son, Tyler, to help him put a door on his bedroom. During this time, a heated argument began, leading to the Petitioner telling his wife to call the police. In the meantime the Petitioner went into a nearby woods in order to remove himself from further altercations, and to calm down.

It had already grown dark outside, and the Petitioner was barefoot. After a short time the Petitioner heard several voices calling his name. He heard

-1-

a noise and a bright light was shined into his face, blinding him. The Petitioner believed it was his son and Wesley Watkin, his son's friend. He turned to walk further into the woods, but stepped on something sharp, and fell down. The bright light was again shined into the Petitioner's eyes, and a voice ordered him to "get up and come over here." The Petitioner stood up and tried to see who it was, because there were several people calling him. The Petitioner's hands were in front of his eyes, trying to block the light. He was told to put his hands down, and when he did, he was hit with either a gun or flashlight. These were the only things in the person's hands that had hit him. At the same time, someone else began spraying something in the Petitioner's face and eyes. The Petitioner's vision went black, and he fell against his boat. As the Petitioner walked towards his house, the officer continued hitting him in the face, while the other officer kept spraying mace everywhere. The Petitioner's son saw the officer strike the Petitioner with his gun or flashlight and jumped on his back. The Petitioner ran into his house for safety, and to clean mace out of his eyes and mouth. E.M.S. had to be called, as the officer had sprayed the Petitioner's eleven (11) year old daughter in the face, and needed her eyes flushed out. At no time were handcuffs put on me nor did the officers announce who they were. Two other officers were called in to arrest me. Officer Overton testified that I offered no resistance when I was handcuffed.

Officer Loden claimed I rushed at him out of the woods, but changed his testimony when cross-examined to "a fast pace." He would also commit perjury stating he never struck the Petitioner at all. Then later admit striking the Petitioner on the side of the face "3 or 4 times." (RR 4 at 151,153) The Petitioner was then taken to jail and charged with "assault against a public servant." During pre-trial hearing, the trial judge asked the defense

-2-

attorney if she was prepared to go to trial. She stated "no" because she and the prosecutor were working on a plea deal due to the multiple charges. But the judge ignored her and set the case for trial the next day, despite there being multiple other cases on the Docket before the Petitioner's case. The Petitioner was tried and convicted by a jury. Punishment was set at sixteen (16) years confinement in TDCJ-CID. A Motion for Appeal was filed.

On 17 December, 2014, the Sixth Court of Appeals affirmed the conviction.

On 1-22-2015 the Texas Court of Appeals granted Petitioner's Motion For Extension of Time to file P.D.R. till March 17, 2015.

On April 22, 2015, the Petitioner's P.D.R. was struck. The Court afforded the Petitioner thirty (30) days to withdraw and refile the P.D.R..

This timely Petition For Discretionary Review follows.

## II. STATEMENT OF PROCEDURAL HISTORY

1. The Petitioner appeared before the 4th District Court of Rusk County, Texas on 2-18-2014, on a charge of assault of a public servant. The jury found Petitioner guilty and set punishment at sixteen (16) years confinement in TDCJ-CID.

2. A Motion for Appeal was filed at trial. An appeal was filed in the 6th Court of Appeals of Texas. The appeal was affirmed on 17 December, 2014.

NO MOTION FOR REHEARING WAS FILED.

3. The Petitioner filed a Motion for Extension of Time to File Petition For Discretionary Review. This was granted on 1-22-2015. A P.D.R. was filed filed on 1-22-2015. The P.D.R. was struck due to page length and no opinion from the 6th Court of Appeals. The Court afforded the Petitioner thirty (30) days to redraw and file P.D.R..

This timely filed P.D.R. follows.

## III. GROUNDS FOR REVIEW

-3-

**ISSUE 1** - Was the evidence factually and legally sufficient to support the conviction when evidence showed alibi of self defense? (RR 4 pg. 19-21,35,68).

**ISSUE 2** - Was the indictment so flawed that the jury convicted the Defendant of the wrong offense? (RR 4, at 163)(Rule 60(b), F.R.C.P.)

**ISSUE 3** - Was it abuse of discretion in trial judge's failure to allow Defense Counsel time to prepare for trial?

**ISSUE 4** - Was Defense Counsel Ineffective for: 1) Failure to file a Motion for Jury Instruction on a lesser-included offense; 2) Failure to investigate and bring Petitioner's version of facts before the Jury; 3) Ineffective (in her own admittance) due to trial judge's interference with her representation of her client? (See direct appeal Brief by Appellant, pg. 12-14).

**ISSUE 5** - Was it Prosecutorial Misconduct when prosecutor failed to give Defense Counsel full notice of enhancement of charge until ½ hour before Voir Dire? (Note: It was faxed to defense counsel's office while she was at this pre-trial).

## IV. ARGUMENTS AND AUTHORITIES

NOTE: The Petitioner has no access to trial records, and had to rely on Brief's from his direct appeal to file this P.D.R..

The Petitioner is not skilled in the science of law, and prays this Honorable Court not hold him to the same stringent standards as a licensed attorney pursuant to **Wiggins v. Procunier,** 753 F.2d 1318 (5th Cir 1985) and **Hughes v. Rowe,** 101 S.Ct. 173 (1988).

NOTE: **ORAL ARGUMENT IS NOT REQUESTED**

**ISSUE 1** - Was the evidence factually and legally sufficient to support the conviction when evidence showed alibi of self-defense? (RR 4, pgs 19-21,35, 68).

In the case at bar, the charge instructs the jury to determine guilt based

-4-

on whether the Petitioner "did...cause bodily injury to Brad Loden, by striking the said Brad Loden with the defendant's fist while the said Brad Loden was trying to arrest the defendant, and the said Brad Loden was then and there a public servant, to wit: a police officer...acting in lawful discharge of his official duty, and the defendant knew that the said Brad Loden was a public servant because the said Brad Loden was wearing a distinctive uniform and displaying his badge..."

**First** note, the police uniform was dark blue, it was dark, and the officer kept a flashlight shining in Petitioner's face. (RR 4, pg. 19-21,35,68).

**Second**, the indictment is defective for failing to give "mens rea" as is mandatory under Texas Law. (See **Dinkins v. State**, 894 S.W.2d 330 (Tex. Crim.App. 1995); **Whitehead v. State**, 745 S.W.2d 374, 376 (Tex.Crim.App. 1982) **Thompson v. State**, 697 S.W.2d 413, 415 (Tx.Crim.App. 1985). Such lessened the States burden of proof denying Petitioner due process.

The charge failed to conform to Texas Penal Code § 22.01(a), (b)(1) by failing to state "intentionally, knowingly, or recklessly."

**Third**, the Petitioner had an alibi defense as Officer Loden kept hitting the Petitioner in the head, which he admitted at trial (RR 4 at 151, 153). The only time Petitioner struck the officer was when Petitioner fled to his house to clean the mace from his eyes, someone grabbed his shirt. He knocked the hand away and fled into his house. (RR 4, pg. 19-21,35-68). Note others testified seeing Loden hit the Petitioner between the eyes with his gun or flashlight, which started a struggle between Loden and Petitioner's son. Pursuant to Texas Penal Code § 9.31(c), "(c) The use of force to resist arrest or search is justified: (1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and (2) when and

-5-

to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use to greater force than necessary." Also, because it is an alibi, defense, Article 38.23(a) V.A.C.C.P. requires the Court to give jury instructions on whether the defendant had a right to defend himself against excessive force by police.

Also note Officer Loden testified the first handcuff had been locked on Petitioner's wrist, yet in Video 2, not shown to Jury, when handcuffed by off-duty officer, no handcuff's were on Petitioner's wrists.

"A critical inquiry is whether, after viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Emery v. State, 881 S.W.2d 702, 705 (Tex.Crim.App. 1994); "Where appellate attacks legal sufficiency of the evidence, appellate Court must view only that evidence which supports the verdict, however, where appellant's challenge is to factual sufficiency [as in this case] of evidence, appellate Court must consider all evidence. Court of Appeals must weigh and compare allo evidence in the record." Ortiz v. Jones, 917 S.W.2d 770 (Tex.Crim.App. 1996). (Note: The officer is no longer a police officer since this trial).

Petitioner was denied due process. His conviction should be reversed and he be afforded a new trial.

ISSUE 2 - Was the indictment so flawed that the Jury convicted the Defendant of the wrong offense and without mandatory mens rea?

Officer Loden testified Petitioner resisted when the first handcuff was locked on his wrist. But also testified the Petitioner was not under arrest. So why come with drawn weapon, or even handcuff and mace the Petitioner? The indictment failed to give mens rea, as required by law. Tx.Pen.Code

-6-

§ 38.03(a) is what the charge might have been, i.e. resisting arrest, except by Loden's own testimony the Petitioner was not under arrest. (See **Lofton v. State**, 45 s.W.3d 649 (Tex.Crim.App. 2001). The only requirement was a showing of some evidence to permit the jury rationally to find the Petitioner's guilt of only the lesser, not of the greater. (See also **Lofton v. State**, 6 S.W.3d at 797; **Bignall v. State**, 887 S.W.2d 21,23 (Tex.Crim.App. 1994). "Whether there is evidence within or without the defendant's testimony, which raises the lesser offense controls the issue of whether an instruction on the lesser offense controls the issue of whether an instruction on the lesser included offense should be given." **Jones v. State**, 984 S.W.2d 254, 257 (Tex.Crim. App. 1998).

"Although it is clear that the issue of self-defense may be raised by evidence other than defendant's testimony (see **Smith v. State**, 676 S.w.2d 584 (Tex.Crim.App. 1984), it is equally clear that some evidence must show that defendant reasonably believed that force was necessary to protect himself against unlawful force of another." **Nethery v. State**, 692 S.W.2d 686, 704 (Tex.Crim.App. 1985); **Reed v. State**, 703 S.W.2d 380, 382.

The Petitioner states his constitutional right to due process was violated The conviction should be reversed and a new trial afforded to the Petitioner. (See **Jiminez v. State**, 953 S.W.2d 293, 299 (Tex.App.-Austin 1997, pet.ref'd).

**ISSUE 3** - Was it abuse of discretion in trial judge's failure to allow Defense Counsel time to prepare for trial?

"State is free to regulate court procedure in accordance with its own conception of policy and fairness without infringing on 14th Amendment unless some fundamental principle of justice is violated." **Snyder v. Commonwealth of Mass.**, 54 S.Ct. 330 (1934).

The trial judge asked the State and Defense if they wereprepared to go to trial. Defense stated they weren't ready, as the prosecutor and her were

-7-

working out a plea deal, due to multiple other charges involved. The trial judge ordered the case set for Docket the next day. By and through the actions of the trial judge, the Petitioner was denied his right to effective assistance of counsel at trial.

"Actual or constructive denial of assistance of counsel altogether is legally presumed to result in prejudice." **Strickland v. Washington,** 104 S.Ct. 2052 **(1984).** "Mere pro forma appearance of counsel does not amount to the assistance of counsel and due process of law guaranteed by federal constitution and it does not afford the right of being heard by...counsel guaranteed by state constitution." **Ex Parte Harris,** 596 S.W.2d 293 (Tx.Crim.App. 1980).

Actions by trial judge denied Petitioner due process and effective assistance of counsel. Petitioner should be granted a reversal of his conviction, and granted a new trial.

**ISSUE 4** - Was Defense Counsel ineffective for: 1) failure to file a Motion for Jury Instruction on lesser-included offense and alibi defense; 2) failure to investigate and bring Petitioner's version of facts before the Jury; 3) Ineffective by her own admittance due to trial judge's interference with her representation of her client?

In the instant case at bar, a quick review of transcripts will show the Petitioner was entitled to jury instructions under Article 38.23(a) V.A.C.C.P. on both his alibi of self-defense, pursuant to Tx.Pen.Code § 9.31(c), and on the lesser-included offense. Counsel's inadequate time to prepare for trial severely effected representation, denying him effective counsel. Defense counsel failed to object to improper indictment/charging instrument that failed to give "mens rea", a mandatory element of the charge. By defense counsel's own admittance (See Appellant Brief in direct appeal), she was not ready for trial, and this hampered her representation of her client.

-8-

"If the absence of the lesser included offense instruction left the jury with the options either to convict the defendant...or to aquit him, a finding of harm is essentially automatic..." __Lofton__, 6 s.W.3d at 800.

"When a defendant argues that his counsel's failure to investigate prevented counsel from making an informed tactical choice, he must show that knowledge of the investigated evidence would have altered his counsel's decision... in order to satisfy prejudice prong of ineffective assistance of counsel claim." __Johnson v. Lamb__, 179 F.3d 352, cert.denied, 120 S.Ct. 522 (1999). "If there is one plausible line of defense...counsel must conduct a 'reasonable substantial investigation' into that line of defense..." __Strickland__, supra, at 2061; __Rommel v. Estelle__, 590 F.2d 103, 104 (5th Cir 1979). Self-defense was the one plausible line of defense, yet no argument was made, nor jury instruction given pursuant to Art. 38.03(2) V.A.C.C.P. Nor was the lesser included offense argument or jury instruction given dispite all the evidence supporting said issues. Such constituted dereliction of counsel, and this did effect the outcome of the trial.

The Petitioner should be granted a new trial and a reversal of this conviction. (See __Rompilla v. Beard__, 125 S.Ct. 2456 (2005)).

__ISSUE 5__ - Was it Prosecutorial Misconduct when
Defense Counsel full notice of enhancement of charge until ½ hour before Voir Dire, faxing said notice to Defense Counsel's office knowing fully well Defense Counsel would not be there?

"Prosecutor is obliged to see that justice is done." Art. 2.01 V.A.C.C.P. "Fair play is the essence of 'due process.'" __Galvan v. Press__, 74 S.Ct. 737, reh.denied, 75 S.Ct. 17 (1954).

The prosecutor had spent the afternoon, prior to the trial, negotiating a plea agreement with defense counsel. Yet when the trial judge asked if

-9-

both sides were ready for trial, he stated "yes" knowing he had acceptibly led defense counsel into believing a plea deal would be reached. The proof of this; why else would he send the enhancement paragraphs to her office at 8:00 a.m. when she was at the Courthouse. The trial started at 8:30 a.m..

The Petitioner would state the actions by the prosecutor coupled with the actions of the trial judge shows a conspiracy to ensure this conviction went through regardless of the Petitioner's right to due process, and a fair, impartial trial. This conviction should be reversed and the Petitioner afforded a new trial.

### PRAYER FOR RELIEF

ALL PREMISES CONSIDERED, the Petitioner prays this Honorable Court ORDER the reversal of this conviction due to a void indictment, judicial abuse of discretion, legal and factual insufficiency of evidence pursuant to Pen.Code § 22.01; 9.31(c); and 38.03(a) Art. 38.23(a) V.A.C.C.P., ineffective assistance of counsel, prosecutorial misconduct.

The reasons for granting this Petition are:

(a) the decision of the 6th Court of Appeals conflicts with other Courts of Appeals on the same issues;

(b) the Court of Appeal has decided important questions of law in a way that conflicts with the Court of Criminal Appeals and the supreme Court;

(c) the Court of Appeals has disagreed on a material question of law necessary to the Court's decision; and

(d) The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeal's power of supervision.

(See T.R.A.P., Rule 66.3).

As such, the Petitioner prays this Honorable Court GRANT the Petitioner:

1. a reversal of the District Court's conviction of Petitioner; and

2. render a judgement of acquittal; or order a new trial; and

3. vacate Petitioner's 16 year sentence in TDCJ-CID;

4. order Petitioner's release from prison and/or State Custody; or

5. remand this case to the trial court as this Court deems necessary.

**IT IS SO PRAYED**

Respectfully Submitted,
James Earl Piland, TDCJ-CID #1919190
Alfred Stringfellow Unit
1200 F.M. 655
Rosharon, Texas 77583

**VERIFICATION**

I, James Earl Piland, Petitioner, pro-se, in the above Petition For Discretionary Review, do hereby verify and declare under penalty of perjury, that the statements contained herein are true and correct.

Affirmation made pursuant to 28 U.S.C. § 1746.

EXECUTED on this the __12__ day of __May_____, 2015.

James Earl Piland, TDCJ-CID #1919190
Petitioner, Pro-Se

**CERTIFICATE OF SERVICE**

I, James Earl Piland, being presently incarcerated at the Mac Stringfellow Unit of the TDCJ-CID, in Brazoria County, Texas, do hereby certify that a true and correct copy of the above Petition For Discretionary Review has been served by placing true and correct copies of the same, first class mail,

-11-

postage prepaid, addressed to the following:

STATE PROSECUTING ATTORNEY
P.O. Box 12405, Capitol Station
Austin, Texas 78711

AND TO

RUSK COUNTY ATTORNEY
COURTHOUSE
115 N. Main Street, Room 302
Henderson, Texas 75652

EXECUTED on this the _12_ day of _May_ , 2015.

James Earl Piland, TDCJ-CID #1919190
Petitioner, Pro-Se

-12-



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00063-CR

---

JAMES EARL PILAND, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR 13-214

---

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

In April 2013, Overton police officers, Brad Loden and Mary Williams, responding to the scene of a reported domestic disturbance, encountered James Earl Piland, who smelled of alcohol and was acting erratically. Loden testified that, while he was attempting to handcuff Piland to assure officer safety, Piland punched him in the shoulder, causing him pain. Piland appeals the resulting conviction for assault on a public servant,[1] claiming a defective indictment, a lack of evidence to convict him, and the ineffectiveness of his trial counsel based on a failure to transmit a plea offer.[2]

Although the State agrees with Piland that his trial counsel's failure to tell Piland of a plea offer constituted ineffective assistance of counsel and although the State fails to argue against Piland's other points, we affirm the trial court's judgment because (1) Piland's claim of ineffective assistance of counsel has not been established, (2) sufficient evidence supports Piland's conviction, and (3) Piland forfeited any claim of indictment defect.

*(1)    Piland's Claim of Ineffective Assistance of Counsel Has Not Been Established*

Piland contends that he received ineffective assistance of counsel because his trial counsel did not inform him of an offered plea agreement for a three-year term of confinement. The State has responded only to the issue regarding ineffective assistance of counsel, agreeing

---

[1]As applicable to this case, intentionally, knowingly, or recklessly causing bodily injury to another—assault—becomes a third-degree felony if it is committed against one the defendant knows is a public servant while that servant is lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West Supp. 2014).

[2]The plea offer that went uncommunicated was for three years' confinement. As a result of the conviction, Piland was sentenced to sixteen years' imprisonment.

2

that its offer was not transmitted to the defendant and adopting Piland's position that such a failure necessarily constitutes ineffective assistance of counsel that requires reversal.[3]

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a claim, an appellant must prove by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must prove that the attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Failure of a criminal defense counsel to inform his or her client of plea offers made by the State falls below an objective standard of professional reasonableness. *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000), *overruled on other grounds by Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987) (failure of counsel to advise defendant of plea offer by government constitutes "gross deviation from accepted professional standards"). Just last year, however, the Texas Court of Criminal Appeals reversed its position in *Lemke* that such an error, without separate proof of

_____

[3]In its brief, the State agrees with Piland's argument in connection with this point of error. The State asks that we either modify the sentence to conform with the agreement of three years' confinement or remand to the district court for specific performance of the plea agreement.

3

prejudice, established a claim of ineffective assistance of counsel.[4] In that, most recent, formulation, the court continued to agree that substandard representation was shown, but adopted a higher threshold to show that the defendant was prejudiced. *Argent*, 393 S.W.3d at 784. In so doing, the court applied the three-part test announced in *Missouri v. Frye*, 132 S.Ct. 1399, 1405 (2012).

Now, to establish prejudice from the ineffective assistance of counsel because defense counsel does not tell his or her client about a plea offer, the appellant must show a reasonable probability that (1) he or she would have accepted the offer if it had been communicated, (2) the prosecution would not have withdrawn the offer, and (3) the trial court would have accepted the plea agreement. *Argent*, 393 S.W.3d at 784; *Rodriguez v. State*, 424 S.W.3d 155, 159 (Tex. App.—San Antonio 2014, pet. granted). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, the question is whether it is reasonably likely that the outcome would have been different as a result. *Harrington v. Richter*, 131 S.Ct. 770, 791–92 (2011). "The likelihood of a different result must be substantial." *Id.* at 792; *see Argent*, 393 S.W.3d at 784; *Rodriguez*, 424 S.W.3d at 159.

The only way in which such a probability can be assessed on direct appeal is through the statements of counsel, client, and trial court. *Argent* does not mandate that evidence on the subject be taken at a hearing. In this case, appellate counsel stated that the offer was made and that the offer remained available, as shown by a subsequent plea offer signed during the course

---

[4]A defendant's Sixth Amendment right to effective assistance of counsel extends to all critical stages of trial, including the plea-bargaining process. *Missouri v. Frye*, 132 S.Ct. 1399, 1405 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012).

of this appeal, in which the State re-offered Piland its original three-year deal. Counsel states that Piland would have accepted the earlier offer and will certainly accept this one, in light of the sixteen-year sentence assessed in the case.

That shows a reasonable probability that Piland would have accepted the offer and that the State did not or would not withdraw it. Thus, the first two parts of the three-part test have been satisfied.

The third part requires a showing that the trial court would have accepted the plea agreement. There is nothing to establish or refute this element. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2014). The offer was not presented to the trial court for acceptance or rejection. The briefing also makes no statement about the trial judge's practice, mental state, or reaction to such an agreement; the record sheds no light on the matter, and there is no notation on the docket concerning either the first or second time the offer was made by the State. Accordingly, one of the three requirements has not been met. On this record, the high threshold of the *Argent* standard has not been met. Based solely on the record before us, Piland's claim of ineffective assistance of counsel would fail.

A remaining question is whether we should honor the request by the State that the case be remanded so that the trial court can make such a determination. We ordinarily accept a confession of error by the State. *Hawkins v. State*, 613 S.W.2d 720, 723 (Tex. Crim. App. 1981). We are not, however, bound by the State's confession of error. *Meshell v. State*, 739 S.W.2d 246, 250 n.4 (Tex. Crim. App. 1987). A confession of error by the State is not conclusive when reviewing an appeal, and, in the absence of reversible error, we are not to make our ruling based

5

on the State's request to reverse. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We do not believe we are authorized to reverse merely on the request of a party. Under this state of the law, a claim of ineffective assistance of counsel has not been established.[5]

*(2)     Sufficient Evidence Supports Piland's Conviction*

Piland asserts the insufficiency of the evidence to support the conviction. He points to language in the indictment and the charge requiring the jury to find that Loden was in the process of arresting Piland and by so doing was acting in the performance of his official duty as a public servant at the time of the assault. Piland also contests the sufficiency of the evidence to support the allegation that he caused bodily injury to Loden.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to

---

[5]This matter could be addressed by a petition for habeas corpus and a concomitant hearing to address that question. So long as relevant information is made part of the record, the requirements of controlling caselaw might be met. *Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003); *cf. Massaro v. United States*, 538 U.S. 500, 504–05 (2003). If these allegations were presented in an application for a writ of habeas corpus and were established, the trial court could make findings of fact in accordance with *Argent* that might entitle Piland to relief based on satisfaction of the sole remaining requirement of establishing that the trial court would have accepted the plea agreement. *See Argent*, 393 S.W.3d at 784.

draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

The charge instructs the jury to determine guilt based on whether Piland

> did . . . cause bodily injury to Brad Loden, by striking the said Brad Loden with the defendant's fists while the said Brad Loden was trying to arrest the defendant, and the said Brad Loden was then and there a public servant, to-wit: a police officer . . . acting in lawful discharge of his official duty, and the defendant knew that the said Brad Loden was a public servant because the said Brad Loden was wearing a distinctive uniform and displaying his badge . . . .

Had the testimony been different, we might assume that, because the officers were attempting to handcuff Piland, they were indeed in the process of arresting him. In light of their specific and emphatic testimony to the contrary, however, we cannot conclude there is any evidence of an attempted arrest. The question, then, is whether it was necessary in this instance for the State to actually prove everything it alleged. Under the "hypothetically correct jury charge," we conclude that there was no requirement that the State prove the arrest allegation.

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

The Texas Court of Criminal Appeals has required courts of appeals to disregard such mistakes through use of a "hypothetically correct jury charge" rather than the charge actually presented to the jury. The essential elements of the offense are defined by the hypothetically

7

correct jury charge for the case. A hypothetically correct jury charge does four things: (1) accurately sets out the law, (2) is authorized by the indictment, (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and (4) adequately describes the particular offense for which the defendant was tried. *Ramos v. State*, 407 S.W.3d 265, 269 (Tex. Crim. App. 2013). The hypothetically correct jury charge need not always include all of the charging instrument's allegations.

In the context of the hypothetically correct jury charge construct, this is not the first time this Court has wrestled with the proof required to support a conviction for assault on a public servant. *See Hoitt v. State*, 28 S.W.3d 162, 167 (Tex. App.—Texarkana 2000), *pet. dism'd*, 65 S.W.3d 59 (Tex. Crim. App. 2001). In *Hoitt*, we dealt with similar explanatory language—"To wit: attempting to arrest [Hoitt]"—that was in the indictment and was descriptive of the State's theory of the official duty the officer was exercising, but which we recognized was ordinarily unnecessary for a correct charge on the elements of the offense.

We were confronted in *Hoitt* with a jury charge that conformed to the indictment. It contained language that did not strictly comply with the statute, but was descriptive of how an essential element of the offense was committed. At that time, the Texas appellate courts were still grappling with the extent to which a defendant could be convicted on a charge not submitted to the jury. Accordingly, we analyzed former caselaw in light of the then newly formulated requirements of *Malik* in an attempt to determine whether the State must prove what it alleged or if its proof might vary from the charge. In *Hoitt*, we concluded that, although the charge correctly described the duty being exercised as an arrest, the description was not one of the

8

elements of the offense, but was merely descriptive of the element. We concluded that, under *Burrell*[6] (which required that the State prove an unnecessary fact alleged in the indictment that describes an essential element of the offense), the actual charge tracked the indictment and was thus correct. A petition for review of our decision was granted, but was later dismissed as being improvidently granted.

Since then, the Texas Court of Criminal Appeals has taken opportunities to refocus the formulations on this topic. The surplusage rule and the *Burrell* exception[7] were overruled the next year in *Gollihar v. State*, 46 S.W.3d 243, 256–57 (Tex. Crim. App. 2001). Surplusage was defined as an allegation in a charging instrument not legally essential to constitute the offense. *Id.* at 249.

Of course, surplusage problems continue to exist and must still be dealt with. Thus, the court held in *Gollihar* that, in the future, the "fatal variance" doctrine will be used to resolve surplusage problems. *Id.* at 256 n.21; *see Williams v. State*, 270 S.W.3d 140, 147 (Tex. Crim. App. 2008). A variance occurs when the State has proven the defendant guilty of a crime but the proof at trial varies from the allegations in the charging instrument. *Gollihar*, 46 S.W.3d at 246. The variance becomes "fatal" when the variance between the indictment and the evidence at trial denies the defendant notice of the charges against him or her. *Id.* at 256; *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Only material variances that prejudice the defendant's substantial rights render the evidence insufficient or become fatal.

---

[6]*Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975), *overruled by Gollihar*, 46 S.W.3d at 256–57.

[7]The *Burrell* exception held that, if the unnecessary allegation described a way in which an element of the crime was committed, the State was required to prove its case as alleged.

9

*Gollihar*, 46 S.W.3d at 257; *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988) (abrogating rule that mere or slight variance between indictment allegations and proof at trial renders evidence insufficient). Allegations in the charging instrument giving rise to immaterial variances may be disregarded. *Id.*; *Gollihar*, 46 S.W.3d at 257; *Hinojosa v. State*, 433 S.W.3d 742, 757 (Tex. App.—San Antonio 2014, pet. ref'd).

The most recent statement from the Texas Court of Criminal Appeals on this topic is set out in *Thomas v. State*, No. PD-1326-13, 2014 WL 5154586 (Tex. Crim. App. Sept. 24, 2014). In considering the hypothetically correct jury charge appellate courts are to use on review, the court reasoned that the "law as authorized by the indictment" consists of the statutory elements of the indictment and those elements as modified by the indictment. *Id.* at *8–9. That hypothetically correct charge need not include allegations that would give rise to only immaterial (i.e., non-fatal) variances.

While alleging statutory alternative manner and means places the allegation in the hypothetically correct jury charge, allegations of manner and means that are not statutory alternatives are not part of such a charge. *See Gollihar*, 46 S.W.3d at 256. Because the indictment's and charge's allegation that officers were attempting to arrest Piland did not set out a statutory alternative manner and means of committing assault on a public servant, it was not necessary to specify what official duty the officer was exercising, and the allegation was not part of the hypothetically correct jury charge. Thus, the proof that the officers were not trying to arrest Piland is of no moment. The officers were investigating a reported injury caused to a person, allegedly by Piland. That is their duty, and there is accordingly sufficient evidence to

allow a reasonable jury to conclude that they were accomplishing their duty during their encounter with Piland.

Piland also contests the sufficiency of the evidence to prove that he caused a bodily injury to Loden. The evidence was that Piland punched Loden in the upper arm. While there is no evidence of any lasting injury to Loden, "bodily injury" is defined as including simple physical pain. *See* TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2014). According to the definition, then, because Loden testified that it hurt when Piland hit him, the jury could have concluded that Loden suffered bodily injury as that term is defined by the statute.

The evidence is sufficient to support the conviction.

*(3)     Piland Forfeited Any Claim of Indictment Defect*

Piland contends that the indictment is materially defective because it does not specify any level of mens rea for the offense. Piland's complaint, however, was not made to the trial court.

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. . . .

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).

Accordingly, Piland has forfeited any right to complain that the indictment[8] had no allegation of mens rea. Accordingly, we can address no error in that regard.

---

[8] The jury charge, on the other hand, includes the proper mens rea allegation—that the act was committed "intentionally, knowingly, or recklessly."

11

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 16, 2014
Date Decided:       December 17, 2014

Publish



# Court of Appeals
# Sixth Appellate District of Texas

## J U D G M E N T

James Earl Piland, Appellant

No. 06-14-00063-CR          v.

The State of Texas, Appellee

Appeal from the 4th District Court of Rusk County, Texas (Tr. Ct. No. CR 13-214). Opinion delivered by Chief Justice Morriss, Justice Carter and Justice Moseley participating.

As stated in the Court's opinion of this date, we find no error in the judgment of the court below. We affirm the judgment of the trial court.

We note that the appellant, James Earl Piland, has adequately indicated his inability to pay costs of appeal. Therefore, we waive payment of costs.

RENDERED DECEMBER 17, 2014
.BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrey, Clerk